Marchand v. State.

---

GEORGE MARCHAND V. STATE OF NEBRASKA.

FILED JANUARY 22, 1925. No. 24106.

1. **Criminal Law:** HARMLESS ERRORS. Under section 10186, Comp. St. 1922, any error occurring in the trial of a criminal case which does not cause a substantial miscarriage of justice should be disregarded.

2. ———: INDICTMENT. In a prosecution for rape upon a chaste female child between the ages of 15 and 18 years, the failure to allege in the indictment that defendant is a male person, when the evidence discloses that fact without dispute, is not an error that causes a substantial miscarriage of justice.

3. **Rape:** CHASTITY: QUESTION FOR JURY. Where, in a prosecution for rape upon an alleged chaste female child between the ages of 15 and 18 years, the evidence as to her previous chastity is in conflict, the question as to whether she was previously chaste is for the jury to determine under proper instructions.

4. **Cases Distinguished.** The decisions in *Bailey v. State*, 57 Neb. 706, *Blair v. State*, 72 Neb. 501, and *Nabower v. State*, 105 Neb. 848, distinguished.

5. **Rape:** DEFENSE. In a prosecution for rape upon an alleged previously chaste female child between 15 and 18 years of age, acts of voluntary illicit intercourse between prosecutrix and defendant in another county, previous to the commission of the act on which the prosecution is based, is a complete defense.

ERROR to the district court for Nemaha county: JAMES T. BEGLEY, JUDGE. *Reversed.*

*Lambert & Hawxby,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Richard F. Stout, contra.*

Heard before MORRISSEY, C. J., ROSE, GOOD, THOMPSON and EVANS, JJ., REDICK and SHEPHERD, District Judges.

GOOD, J.

From a coviction for rape upon a previously chaste 17 year-old female child, with her consent, plaintiff in error (hereinafter called defendant) prosecutes error:

Error is assigned because the indictment failed to charge that defendant was a male person. Instead, it charged that he was a married person over the age of 18 years, etc. It is evident that a clerical error was made in drawing the indictment. Defendant was before the jury. The evidence disclosed th t he was a male person, and the court instructed the jury that it must find from the evidence that defendant was a male person over the age of 18 years.

Conceding that the indictment was faulty in not describing the defendant as a male person in substantially the language of the statute, we fail to perceive how he was prejudiced thereby. That he was at the time a male over 18 years is conceded. Under section 10186, Comp. St. 1922, any error complained of, which does not cause a substantial miscarriage of justice, should be disregarded.

Defendant insists that the evidence shows that prosecutrix was unchaste previous to the time of the alleged offense. The evidence as to previous unchastity is the direct testimony of the defendant to previous illicit intercourse with prosecutrix in another county, and inferences that might be drawn from letters written by prosecutrix previous to the time of the alleged offense. These letters, which were admittedly written by prosecutrix, are not such as would be written by a pure-minded maiden. They teem with vulgarity and immodest expressions, but contain no direct admissions of former illicit intercourse. Prosecu-

Marchand v. State.

trix, while admitting that she wrote the letters, explicitly denied that she had had any previous intercourse with defendant or with any other person. As we view it, the question was one for the jury, and if it had been submitted to the jury by proper instructions their verdict would be conclusive.

This brings us to the most serious question presented in the record. The trial court refused to give an instruction requested by defendant which, in effect, told the jury that if they believed from the evidence that prosecutrix, prior to the time of the alleged intercourse set forth in the indictment, had sustained unlawful sexual intercourse with defendant in another county, then prosecutrix was not chaste at the time set forth in the indictment, and defendant should be acquitted. Instead, the court, after giving a correct abstract definition of a chaste female, instructed the jury:

"And in this case, if, from the consideration of all the evidence in the case, you believe that Grace Ramel, prior to the time of the offense charged in this indictment, had had unlawful sexual intercourse with any other person than the defendant or if, upon consideration of all the evidence in this case, there is a reasonable doubt in the mind of the jury as to whether she was chaste previous to said time, then you should give the defendant the benefit of such doubt and say by your verdict that he is not guilty."

Whether, in a prosecution for rape upon a female child between the ages of 15 and 18 years, previous acts of illicit intercourse with the defendant are a defense, is a question upon which the decisions of this court are not entirely harmonious. In *Bailey v. State*, 57 Neb. 706, a chaste female, within the meaning of section 9551, Comp. St. 1922, is defined as "one who has never had unlawful sexual intercourse with a male prior to the intercourse with which the prisoner stands indicted." It was further held in that case that the object of the statute was to protect those girls who are undefiled virgins, and that a female over 15 years

and under 18 years of age who has been guilty of unlawful sexual intercourse with a male is not within the act. In that case the evidence disclosed that, previous to the time charged in the indictment, the prosecutrix had sustained illicit relations with the defendant in the state of Iowa, and it was held that the conviction could not be sustained because the prosecutrix was not chaste at the time of the act complained of. It was further said in that case that in such an indictment may be included all acts of sexual intercourse which occurred between the prisoner and the prosecutrix in the state of Nebraska after she became 15 years of age, and which were not barred by the statute of limitations. The latter holding is evidently pure dictum, as that question is not involved in the case. Th dictum was followed in the case of *Blair v. State,* 72 Neb. 501, but in that case the defendant was charged with three separate acts of intercourse on three separate dates. On motion, the state elected to stand upon the third count, which was the last of the three acts charged in the information. A careful reading of that case does not disclose that there was any evidence tending to show a prior act of intercourse between the prosecutrix and the defendant, and the holding upon that point was unnecessary and should be likewise regarded as dictum.

In *Nabower v. State,* 105 Neb. 848. which was a prosecution for rape upon an alleged chaste female between the ages of 15 and 18 years, the *Bailey* and *Blair* cases are cited, and it is held: "In such an action proof that the defendant, on the day previous to the act charged, had committed a similar act upon prosecutrix is not available to him to show that at the time of the act charged prosecutrix was not a chaste and virtuous character, since the defendant is precluded from setting up his own crime to avoid the application of the statute." In that case it appeared from the evidence that the intercourse previous to that charged in the information occurred on the previous day, in the same county, and in the same building. While the holding was

right under the facts in that case, we think a wrong reason was given. Under the law in this state, which, we think, generally prevails in this country, while a criminal act may be charged in the indictment or information to have occurred on a particular day, yet, if the evidence shows that the act was committed on a previous day but within the jurisdiction of the court and within the period of the statute of limitations, a conviction may be sustained; and in the *Nabower* case, while the allegation was that the act occurred upon a certain day, evidence of illicit intercourse on the day previous, as well as on the day charged, could be held to relate to the first act, and thereby properly sustain a conviction.

In the instant case, the parties were both residents of Richardson county and, so far as the evidence discloses, they had never been together in Nemaha county until the day on which the offense was charged to have been committed. It is evident that the defendant could not be prosecuted in Nemaha county for an act which occurred in Richardson county. Under the rule announced in *Nabower v. State, supra,* if the defendant, at the time and place alleged in the indictment, carnally knew the prosecutrix, he was guilty of rape, and if at the same time and place any other man than defendant had so carnally known prosecutrix, he would not be guilty of rape. Why? Because she was not then chaste. Can it be said that as to all the world but one she was unchaste, but as to the one she was chaste? Chastity of a female has reference to her condition. If she has not been voluntarily previously defiled, she is chaste. If she has been previously voluntarily defiled, she is no longer chaste. If the evidence of defendant is true, she was not chaste at the time the criminal act is alleged to have occurred.

In *State v. Patterson,* 88 Mo. 88, in the course of the opinion, it is said (p. 96) : "Evidence of prior specific acts of unchastity with the defendant himself is now universally received, as well in cases of seduction as in cases of

rape. What for? To show that in the latter class of cases there was less likelihood of absence of consent; and that in the former, in consequence of a prior act of the defendant, there was no chastity left to seduce. Can it be material by whom the prior act be performed, whether by the defendant, or whether by any one else?"

In *People v. Nelson,* 153 N. Y. 90, in which the defendant was charged with seduction upon a female of previously chaste character, many acts of intercourse between the parties were testified to as occurring prior to the offense charged in the indictment. It was held that the conviction could not be sustained, upon the ground that, having indulged in frequent sexual intercourse with the defendant, the complaining witness was on the day charged not an unmarried female of previously chaste character.

*State v. Dacke,* 59 Wash. 238, 30 L. R. A. n. s. 173, was a prosecution for rape wherein the evidence showed previous acts of intercourse between the defendant and the prosecutrix. It was held that the prosecutrix was not then a female child of previously chaste character. This ruling was somewhat modified in the subsequent case of *State v. Sargent,* 62 Wash. 692, 35 L. R. A. n. s. 173.

In 22 R. C. L. 1190, sec. 22, it is said: "The object of these acts being to protect virtuous maidens, it is held that it is not a crime thereunder to have intercourse with a woman within the prescribed ages who has theretofore had sexual intercourse, and that the fact that she was first deprived of her virginity by the prisoner does not strengthen the state's case; but such prior unchastity is a complete defense, provided such prior act was not punishable in the jurisdiction and at the time the act charged was committed."

We are of the opinion that in a prosecution of this kind, if the evidence shows previous acts of illicit intercourse between the prosecutrix and defendant in another jurisdiction, a conviction cannot be properly sustained. If we are right in this conclusion, then the instruction requested by defendant, or one similar to it, should have been given, and

the instruction given by the court, of which complaint is made, had a tendency to limit the jury's consideration of the previously chaste character of prosecutrix to her relations with other men than defendant. Under the peculiar circumstances in this case, the instruction should not have been given. It tended to prejudice the substantial rights of the defendant and was prejudicial error.

Defendant contends that the testimony of prosecutrix is not sufficiently corroborated to justify a conviction. We do not deem it necessary to set out the evidence, but suffice it to say that a careful consideration leads us to the conclusion that there was sufficient evidence in that respect on which to found the verdict. There are other assignments of error which, in view of the conclusion that we have reached, it seems unnecessary to consider.

Because of the error in the giving and refusal of instructions, as pointed out in the opinion, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.