STATE OF NEBRASKA, APPELLEE, v. STEVEN C. VICARS, APPELLANT.

183 N. W. 2d 241

Filed January 22, 1971. No. 37588.

A. James McArthur and Douglas McArthur, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

Defendant was convicted of the crime of statutory rape of a previously chaste 15-year-old female. Defendant's appeal is predicated upon the alleged unconstitu-

tionality of section 28-408, R. R. S. 1943; errors in the reception and exclusion of the evidence; and the giving or refusing of instructions. We affirm.

The incident resulting in the prosecution occurred on the evening of June 7, 1969. At that time the prosecuting witness was 15 and the defendant 21 years of age. Defendant admits the act and for the purposes of this opinion we assume that the prosecutrix consented to the act and that defendant believed her to be previously unchaste and to be older than 15.

Section 28-408, R. R. S. 1943, so far as material herein, is as follows: "* * * if any male person, of the age of eighteen years or upwards, shall carnally know or abuse any female child under the age of eighteen years, with her consent, unless such female child so known and abused is over fifteen years of age and previously unchaste, shall be deemed guilty of rape, and shall be imprisoned in the Nebraska Penal and Correctional Complex not more than twenty nor less than three years."

Defendant argues that: "* * * the statute permits an accused to raise consent as a defense where the complainant is over 15 years, if she is previously unchaste. This defense is not available if the complainant is previously chaste. It is the defendant's position that this distinction constitutes a denial of equal protection and deprives the defendant of due process of law." Where the prosecutrix is 15 or over, her previous chastity is an essential element of the offense of statutory rape. Truman v. State, 153 Neb. 247, 44 N. W. 2d 317. Defendant's argument is premised on his contention that the criminal act is made dependent upon the physical condition of the prosecutrix rather than the nature of the act. He argues that in a situation where two individuals perform the same act, one with a chaste female, the other with one who is not, criminal liability is imposed on the one and not on the other, even though both committed the same act. Defendant argues that the statute is Mid-Victorian and totally unfair, and that constitutionally the

State cannot punish one defendant yet impose no penalty on another when both have committed the same act. That, however, is not the crux of the matter. There is an important distinction between the two acts. The object of the statute is to protect the virtuous maidens and the undefiled virgins of the State and not the unchaste female. Christiancy v. State, 106 Neb. 822, 184 N. W. 948. The act which constitutes the crime of statutory rape is depriving a female within the age limits of her virginal chastity. This is a proper and not an unreasonable classification. In fact, most jurisdictions have substantially similar statutes. While in defendant's view the morals of society may be changing, Mid-Victorian or not, section 28-408, R. R. S. 1943, is constitutionally valid and must be enforced.

Defendant further argues that the statute is invalid because it does not include intent or knowledge as an element of the crime and because the act which it makes criminal is one that cannot be discovered and avoided even through the utmost care.

There is no question the Legislature may enact criminal statutes which do not include criminal intent or guilty knowledge as an element of the crime. Markham v. Brainard, 178 Neb. 544, 134 N. W. 2d 84. To sustain a conviction under the statute, a defendant must have carnal knowledge of a chaste female. The intent is evidenced by the doing of the act. While a general criminal intent is involved in the crime of statutory rape, no intent is requisite other than that evidenced by the doing of the act constituting the offense. 75 C. J. S., Rape, § 9, p. 471.

It is not violative of due process for the Legislature, in framing its criminal laws, to cast upon the public the duty of care or extreme caution. Nor is it unfair to require one who gets perilously close to an area of proscribed conduct to take the risk that he may cross over the line. As was said in Nash v. United States, 229 U. S. 373, 33 S. Ct. 780, 57 L. Ed. 1232: " 'The very mean-

ing of the fiction of implied malice in such cases at common law was, that a man might have to answer with his life for consequences which he neither intended nor forsaw.' * * * 'The criterion in such cases is to examine whether common social duty would, under the circumstances, have suggested a more circumspect conduct.' "

The previous chaste character of the prosecutrix is a material element of the offense to be alleged and proved. The evidence herein is substantial that prosecutrix was previously chaste but, in any event, even if there were a substantial conflict, that question is one for the jury to determine under proper instructions. Marchand v. State, 113 Neb. 87, 201 N. W. 890.

A mistake or lack of information as to the victim's chastity is no defense to the crime of statutory rape. This specific question is one of first impression in Nebraska. Defendant, arguing by analogy, places great reliance on People v. Hernandez, 61 Cal. 2d 529, 39 Cal Rptr. 36, 393 P. 2d 373, 8 A. L. R. 3d 1092, which rejected the traditional view that mistake as to age was not a defense to statutory rape. In that case the California court adopted the old common law rule that an honest and reasonable belief in an existence of circumstances which, if true, would make the act for which the person is indicted an innocent act, is a good defense.

Defendant tendered a request for an instruction that a reasonable belief as to the previous unchastity of the prosecutrix would constitute a complete defense to the charge of statutory rape. This instruction was properly refused. To give it would, in effect, nullify the statute. While a few jurisdictions have adopted statutes making reasonable mistake a defense, the California rule is an isolated one. Most American jurisdictions support the view that mistake or a reasonable belief in this situation is no defense. We recognize that view rather than the California rule as a proper one to be applied in this jurisdiction.

Defendant complains of instruction No. 7 given by the

trial court. The instruction, so far as material, reads: "You are instructed that a woman who is 'chaste' within the meaning of the law, is one who has never had unlawful sexual intercourse with a male person prior to the intercourse with which the defendant stands charged in the information. No other conduct, even though loose, indiscreet or even immoral, amounts to unchastity. You are allowed, however, to consider any and all of the acts and conduct of the prosecutrix shown by the evidence, as circumstances bearing upon the question whether the prosecutrix was chaste on or before June 7, 1969." Defendant's objection is to the words, "unlawful sexual intercourse." This wording was specifically approved in Christiancy v. State, 106 Neb. 822, 184 N. W. 948. See, also, Marchand v. State, 113 Neb. 87, 201 N. W. 890, in which we held: "In Bailey v. State, 57 Neb. 706, a chaste female, within the meaning of section 9551, Comp. St. 1922 (now section 28-408, R. R. S. 1943), is defined as 'one who has never had unlawful sexual intercourse with a male prior to the intercourse with which the prisoner stands indicted.'" "Chaste" is defined in Black's Law Dictionary (4th Ed.), p. 299, as: "Never voluntarily having had unlawful sexual intercourse." Webster's New International Dictionary (2d Ed.), Unabridged, p. 455, gives as its primary definition: "Innocent of unlawful sexual intercourse." There is no merit to defendant's assignment.

Defendant complains of the exclusion of certain testimony of a girl friend of the prosecutrix which he asserts was offered for the purpose of impeaching the credibility of the prosecutrix. Defendant fails to point out in his brief where the prosecutrix testified about the areas covered to form the basis for impeachment. At most, the alleged impeaching testimony could only go to the question of consent, which is immaterial herein.

Finally, defendant complains because the examining doctor was permitted to express an opinion on the previous chastity of the prosecutrix, claiming such testi-

mony was to the ultimate fact and invaded the province of the jury. The testimony in question is as follows: "Q Assuming and supposing that the girl's hymen membrane was ruptured or fractured on June 7, 1969, do you have any opinion that she had any sexual intercourse before this night? A Yes, sir." After other questions and objections, the following appears: "Q Yes. In your opinion when was the first time that she had such intercourse with a man on the basis of your examination? A At my original examination, I mean, the present situation, was the thing that indicated it was the first time she ever had intercourse with anybody to my knowledge." The doctor was giving an opinion based solely upon and limited to his examination. He had found a freshly ruptured hymen, and was merely testifying that it indicated to him it was the first time prosecutrix had had intercourse. He was not testifying to the ultimate issue, but to the inference he drew from his examination. There was other testimony on the cross-examination on this point which would seem to establish the chastity of the prosecutrix, which was the ultimate issue.

For the reasons given, there is no merit to any of defendant's assignments of error, and the judgment is affirmed.

AFFIRMED.