STATE OF NEBRASKA, APPELLEE, V.
KIM E. BETTS, APPELLANT.

314 N.W.2d 257

Filed January 4, 1982.   No. 44326.

Mousel & Burger, P.C., for appellant.

Paul L. Douglas, Attorney General, and Ralph H. Gillan for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

The defendant was convicted of driving while under the influence of alcoholic liquor and sentenced to 1 year's probation and fined $100. The judgment and sentence were affirmed on appeal by the District Court.

The defendant has appealed and contends the evidence was insufficient to support the finding of guilty and an instruction to the jury was erroneous.

The record shows that the defendant was observed by a police officer driving his automobile down B Street in McCook, Nebraska, at a rate of speed in excess of 45 miles per hour in a 25-mile-per-hour zone. The officer testified that when the defendant's vehicle turned the corner at East 6th and B Streets, the tires squealed and the vehicle nearly hit the median. The officer then followed the vehicle south on U.S. Highway 83.

The defendant's vehicle was weaving back and forth between the centerline and the right shoulder of the road, and at one point crossed the centerline and

traveled down the left lane of the road. The officer drove at speeds ranging from 60 to 75 miles per hour, with the patrol car's siren and flashing red lights in operation, but was unable to stop the defendant until he had reached a point approximately 3 miles south of McCook.

When the defendant walked back toward the police cruiser, he was swaying and wobbling back and forth. The officer testified that it took some time for the defendant to respond to requests to see his operator's license and vehicle registration, and the officer had to request these items several times. When the defendant returned to his vehicle to obtain the registration, he lost his balance twice and leaned against the side of the car. The officer noticed an odor of alcoholic beverage about the person of the defendant. His speech was slurred and the pupils of his eyes, which were dilated, did not respond readily to light.

A number of field sobriety tests were administered to the defendant to test his manual dexterity and coordination. During these tests, the defendant's balance was poor and he could not perform the tests properly. A second officer also noticed the odor of alcoholic beverage about the defendant's person.

After the administration of the field sobriety tests, the officer concluded that the defendant was intoxicated. He was then placed under arrest and taken to police headquarters.

The defendant admitted that between 7 or 7:30 p.m. and midnight, or shortly thereafter, he had consumed approximately three beers and three mixed drinks.

The defendant argues that the evidence of the State was circumstantial and did not exclude a hypothesis that his condition might have been caused by something other than intoxicating liquor.

The police officers in this case testified as to what they saw, heard, and smelled. This was direct evidence, not circumstantial, and was the basis for their opinion that the defendant was under the influence of intoxicat-

ing liquor.

In *State v. Lewis*, 177 Neb. 173, 128 N.W.2d 610 (1964), a case involving similar facts, we held that the testimony of the officers was direct evidence and not circumstantial. We said at 177, 128 N.W.2d at 613: "The alleged circumstantial evidence in the instant case is the facts testified to by the patrolman and sheriff as a foundation for their opinions that defendant was intoxicated. . . . Circumstantial evidence is defined as the attendant facts and circumstances from which a principal fact may be inferred by the usual processes of reasoning. Where the existence of the attendant facts and circumstances is testified to by witnesses, the evidence of the principal fact is said to be direct or positive. Otherwise stated, direct evidence is proof of facts by witnesses who saw acts done or heard words spoken, while circumstantial evidence is proof of collateral facts and circumstances from which the mind infers the conclusion that the fact sought to be established in fact existed. . . . The evidence of the patrolman and sheriff in the present case was direct or positive, and not circumstantial."

The fact that there was a strong odor of alcoholic beverage about the person of the defendant tended to negative drugs or other possibilities as the cause of the defendant's condition. The defendant testified at the trial but made no suggestion that his condition was due to any cause other than intoxicating liquor. His theory of the case was that he was not intoxicated.

The evidence of the State was sufficient to support a finding of guilt beyond a reasonable doubt.

The instruction complained of was taken from the opinion in *O'Neill v. Henke*, 167 Neb. 631, 94 N.W.2d 322 (1959), and was not erroneous.

The judgment of the District Court is affirmed.

AFFIRMED.