STATE OF NEBRASKA, APPELLEE, V. RONALD R. NAVARRETE,
APPELLANT.
376 N.W.2d 8

Filed November 1, 1985.   No. 84-936.

Gregory J. Beal of Gregory J. Beal & Associates, P.C., for appellant.

Robert M. Spire, Attorney General, and L. Jay Bartel, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

The defendant, Ronald R. Navarrete, has appealed from his conviction and sentence to imprisonment for 1½ to 4 years for first degree sexual assault on a child. Neb. Rev. Stat. § 28-319(1)(c) (Reissue 1979). First degree sexual assault on a child occurs when a person 19 years of age or older subjects a person less than 16 years of age to sexual penetration.

The defendant has assigned 11 errors in his brief. Our review, however, is limited to those errors which are argued and discussed in the brief. Neb. Ct. R. 9D(1)d (rev. 1983); State v. Evans, 215 Neb. 433, 338 N.W.2d 788 (1983).

The defendant contends that the trial court should have

sustained his plea in abatement on the ground that the evidence at the preliminary hearing in county court was not sufficient to support the order binding him over for trial in the district court.

It is the rule in this state that any error in the ruling on a plea in abatement challenging the sufficiency of the evidence at the preliminary hearing is cured by a verdict of guilty if the evidence at trial is sufficient to sustain a finding of guilt beyond a reasonable doubt. *State v. Franklin*, 194 Neb. 630, 234 N.W.2d 610 (1975).

The record shows that the offense occurred on April 15, 1984. On the evening of the 14th the defendant, the victim, and a third person had been drinking and driving around Ogallala, Nebraska. The defendant, who was 22 years of age, purchased the beer which was consumed by the defendant, the victim, and the third person. The victim was only 15 years of age, although he was within approximately 6 weeks of his 16th birthday.

At about midnight the defendant and the victim were at the defendant's home. The third person had gone home. The victim was feeling the effect of the beer and went into the defendant's bedroom so that he could lie down on the bed. He awakened sometime later and found the defendant on the bed beside him. The defendant spoke with the victim for awhile and then placed his hand on the victim's penis. Later the defendant put his penis in the victim's mouth and then into the victim's anus. The victim again fell asleep. When he awakened he returned to his home but did not enter the house. The victim sat in his father's pickup truck for about an hour and then decided to report the incident to the police.

At the police station a statement by the victim was recorded. He was then taken to a medical clinic, where he was examined by a physician. A complaint was filed and the defendant was arrested on April 16, 1984.

Following his arrest, a police officer interviewed the defendant at the Keith County jail. Before advising the defendant of his rights, the officer asked the defendant his name and age. The officer was allowed to testify, over objection, that the defendant gave his name and stated his date of birth was April 22, 1961. The officer then advised the defendant of his rights but did not interrogate him further.

This, however, was not the only evidence before the jury as to the age of the defendant and was merely cumulative to the other evidence on this issue.

The victim testified that when he first met the defendant in June 1983, the defendant said that he was old enough to buy liquor and beer. The legal age to purchase alcoholic liquors at that time was 20. Neb. Rev. Stat. § 53-103(23) (Cum. Supp. 1982).

The jury observed the defendant throughout the trial, and there was testimony concerning the purchase of beer by the defendant on at least two occasions on the evening the offense was committed.

In *State v. Lauritsen*, 199 Neb. 816, 261 N.W.2d 755 (1978), we held that a jury may consider the physical appearance of the defendant if there is other evidence as to his age.

The testimony of the victim established the other elements of the crime. His testimony was corroborated by the testimony of the police officers and expert testimony concerning hair samples, blood tests, and saliva tests made upon the defendant. A semen stain found on the victim's underwear was consistent with other evidence that it came from the defendant. We conclude that the evidence was sufficient, if believed, to support a finding of guilt beyond a reasonable doubt.

The defendant contends that the trial court should have sustained his motion for a change of venue because extensive and prejudicial pretrial publicity concerning the offense deprived him of a fair and impartial trial in Keith County, Nebraska.

A motion for a change of venue is addressed to the sound discretion of the trial court and will not be disturbed on appeal unless a clear abuse of discretion is shown. *State v. Rife*, 215 Neb. 132, 337 N.W.2d 724 (1983).

The factors to be considered in determining whether a change in venue should have been granted due to pretrial publicity include:

"[T]he nature of the publicity; the degree to which the publicity has circulated throughout the community; the degree to which the publicity circulated in areas to which venue could be changed; the length of time between the

dissemination of the publicity complained of and the date of trial; the care exercised and ease encountered in selection of the jury; the number of challenges exercised during the voir dire; the severity of the offense charged; and the size of the area from which the venire is drawn." *State v. Fallis*, 205 Neb. 465, 469, 288 N.W.2d 281, 284 (1980), quoting *State v. Ell*, 196 Neb. 800, 246 N.W.2d 594 (1976).

The voir dire examination of the prospective jurors in the defendant's case does not support his contention that pretrial publicity deprived him of a fair and impartial trial. Of the 14 persons questioned in regard to exposure to pretrial publicity, 7 were retained to serve on the jury. The other 5 persons selected for the panel of 12 did not recall being exposed to any pretrial publicity in this case.

The trial court examined the venire in regard to exposure to publicity and as to whether they could set such information aside in determining the issues in the case. One juror, who thought it had affected his ability to remain impartial, was subsequently excused by the court. Another juror, who was also later excused, expressed doubts about his ability to act impartially, but on further questioning indicated that he could decide the issues on the evidence presented in court alone. None of the other jurors expressed any doubts as to their abilities in this regard.

Jurors need not "be totally ignorant of the facts and issues involved." *Irvin v. Dowd*, 366 U.S. 717, 722, 81 S. Ct. 1639, 6 L. Ed. 2d 751 (1961). The *Irvin* Court further elaborated that "[i]t is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court." *Id*. at 723. The jury selected in this case satisfied that requirement.

The defendant also contends that the statute under which he was prosecuted, § 28-319(1)(c), is unconstitutional because consent and reasonable mistake concerning the victim's age are not defenses. The statute in this respect is similar to ones on statutory rape in which consent is not a defense. *Stapleman v. State*, 150 Neb. 460, 34 N.W.2d 907 (1948); *State v. Vicars*, 186 Neb. 311, 183 N.W.2d 241 (1971). In the *Vicars* case we said at 314, 183 N.W.2d at 243: "[M]istake or lack of information as to

the victim's chastity is no defense to the crime of statutory rape." We have expressly rejected the "California Rule" stated in *People v. Hernandez*, 61 Cal. 2d 529, 393 P.2d 673, 39 Cal. Rptr. 361 (1964), which the defendant relies on by analogy. *State v. Vicars, supra.*

The majority of the cases hold that a defense of reasonable mistake is not constitutionally required. See, e.g., *Nelson v. Moriarty*, 484 F.2d 1034 (1st Cir. 1973); *State v. Elton*, 657 P.2d 1261 (Utah 1982); *Goodrow v. Perrin*, 119 N.H. 483, 403 A.2d 864 (1979); *Com. v. Robinson*, 264 Pa. Super. 345, 399 A.2d 1084 (1979). In *State v. Vicars, supra*, we held at 313, 183 N.W.2d at 243:

> It is not violative of due process for the Legislature, in framing its criminal laws, to cast upon the public the duty of care or extreme caution. Nor is it unfair to require one who gets perilously close to an area of proscribed conduct to take the risk that he may cross over the line.

There being no error, the judgment is affirmed.

AFFIRMED.

KRIVOSHA, C.J., and WHITE, J., concur in the result.