STATE OF NEBRASKA, APPELLEE, V. BURTON LOVELESS, APPELLANT.

451 N.W.2d 692

Filed February 16, 1990.   No. 89-347.

Chris M. Arps, of Arps & Schirber Law Offices, for appellant.

Robert M. Spire, Attorney General, and Steven J. Moeller for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

A jury, in the district court for Sarpy County, convicted Burton "Butch" Loveless of theft by unlawful taking, a Class III felony. See Neb. Rev. Stat. §§ 28-511(1) (Reissue 1985) (theft by unlawful taking) and 28-518(1) (Reissue 1989) (grades of theft offenses; property valued at more than $1,000). Subsequently, the district court sentenced Loveless to imprisonment for a period of not less than 6⅔ nor more than 20 years.

In his sole assignment of error, Loveless contends that as a result of uncorroborated testimony from an accomplice of Loveless, the jury's verdict is not sustained by sufficient evidence.

## STANDARD OF REVIEW

In determining whether evidence is sufficient to sustain a conviction in a jury trial, the Supreme Court does not resolve conflicts of evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence presented to a jury, which are within a jury's province for disposition. A verdict in a criminal case must be sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support that verdict.

*State v. Brown*, 225 Neb. 418, 428, 405 N.W.2d 600, 606 (1987). See, also, *State v. Swigart*, 233 Neb. 517, 446 N.W.2d 216 (1989).

On a claim of insufficiency of evidence, the Supreme Court will not set aside a guilty verdict in a criminal case where such verdict is supported by relevant evidence. Only where evidence lacks sufficient probative force as a matter of law may the Supreme Court set aside a guilty verdict as unsupported by evidence beyond a reasonable doubt.

*State v. Robertson*, 223 Neb. 825, 830, 394 N.W.2d 635, 638 (1986). See, also, *State v. Swigart, supra*.

## BACKGROUND

During October 1987, Dale Habrock, proprietor of Habrock Construction Company, noticed that Habrock's dump truck, trailer, and tractor which had been situated atop of the trailer were missing from a construction site in Sarpy County. Habrock reported the theft of the truck, trailer, and tractor to the Sarpy County Sheriff's Department.

After Habrock's complaint, Steve Grabowski, a criminal investigator for the Sarpy County Sheriff's Department, was contacted by officers of the Douglas County Sheriff's Department, and they discussed the possibility of an undercover operation, a "sting," involving the purchase of stolen construction equipment. Since the Douglas County Sheriff's Department had no reported thefts of construction equipment, Grabowski mentioned the theft of Habrock's truck, trailer, and tractor. In a sting operation conducted by undercover officers of the Douglas County Sheriff's Department, with assistance from members of the Sarpy

County Sheriff's Department, arrangements were made to "purchase" a truck and trailer from Jeff Steinhauer on December 1, 1987, in Douglas County. After Steinhauer arrived with the truck and trailer for a sale at a prearranged location, he was arrested and taken into custody at the Douglas County sheriff's patrol office. The truck and trailer which Steinhauer had produced were officially impounded. During an interview conducted by sheriff's deputies, Steinhauer implicated himself and other individuals in a series of crimes. Sometime later at the impoundment lot, Habrock identified the truck and trailer connected with Steinhauer as Habrock's property stolen in October 1987.

In 1988, when an Omaha police officer stopped Loveless, an Iowa resident, for a traffic violation in Omaha, the officer learned that there was an unserved warrant for Loveless' arrest in Sarpy County on account of the theft of Habrock's property. Loveless was taken into custody and was eventually delivered to Sarpy County authorities pursuant to the arrest warrant.

Steinhauer, at the time of Loveless' trial, had been convicted of theft in Douglas County, where he was incarcerated, and was awaiting trial in Sarpy County. The prosecutor had not "promised [Steinhauer] any deals in connection with [his] testimony" at Loveless' trial.

At Loveless' trial, Steinhauer testified that Loveless, whom he had known for approximately a year and a half, was involved in the theft of Habrock's truck, trailer, and tractor in October 1987. Steinhauer testified that Loveless drove the perpetrators to the construction site; helped remove Habrock's truck from the Habrock construction site by using a "dent puller" to take the ignition out of the truck; and instructed Steinhauer to drive the truck, with the trailer on which the tractor was loaded, to Council Bluffs, Iowa. According to Steinhauer, the perpetrators, including Loveless, disposed of the tractor, which was sold and apparently never recovered, and took the truck and trailer to a farm owned by a friend of Loveless. On the night before the prospective sale of the truck and trailer in the sting on December 1, 1987, Steinhauer told Mike Buglewicz, who Steinhauer did not know was an undercover officer, that Butch would "get ahold of me in the

morning and let me know where the truck and the trailer was." Buglewicz testified that Steinhauer had mentioned Butch during a phone conversation between Buglewicz and Steinhauer on November 30, 1987.

Steinhauer further testified that Loveless drove the stolen Habrock truck and trailer to a grocery store parking lot in Council Bluffs. Later, the two men met at another location, where Loveless informed Steinhauer that he had replaced the ignition for the truck and painted the truck a different color. At this time, Loveless gave Steinhauer a key to the truck.

Loveless testified that he was not involved in the theft of Habrock's truck, trailer, or tractor; had not painted any truck; and had not given Steinhauer a key to any truck. Loveless claimed that Steinhauer testified against him for the reason that there was "bad blood" between the two men and that Steinhauer had a "[v]endetta" against Loveless.

At the conclusion of the evidence, the court instructed the jury in accordance with present NJI 14.58, namely:

> The State has introduced evidence from a claimed accomplice of the defendant. His testimony should be closely scrutinized for any possible motives for falsification, and if you find that he has testified falsely in regard to any material matter, you should be hesitant to convict upon his testimony without corroboration, and in no case should you convict the defendant unless you are satisfied of his guilt from the evidence beyond a reasonable doubt.

We note that the "Accomplice Testimony" instruction, NJI Crim. 5.6, proposed by the Nebraska Supreme Court Committee on Criminal Practice and Procedure contains:

> There has been testimony from (here insert name), a claimed accomplice of the defendant. You should closely examine (his, her) testimony for any possible motive (he, she) might have to testify falsely. You should hesitate to convict the defendant if you decide that (here insert name) testified falsely about an important matter and that there is no other evidence to support (his, her) testimony.
>
> In any event, you should convict the defendant only if the evidence satisfies you beyond a reasonable doubt of

(his, her) guilt.

Proposed Nebraska Criminal Jury Instructions, A Working Manuscript, NJI Crim. 5.6 at 125 (May 1989).

The jury found Loveless guilty of unlawfully taking Habrock's property in violation of § 28-518(1). The district court sentenced Loveless as previously mentioned.

## CLAIM OF INSUFFICIENT EVIDENCE

Loveless maintains that there is insufficient evidence to support his conviction on the charge of theft by unlawful taking. Specifically, Loveless argues that since "[s]ome corroboration of an accomplice's testimony is required to support a conviction," the jury's verdict was not supported by sufficient evidence because Steinhauer's testimony was uncorroborated. Brief for appellant at 8.

Loveless acknowledges the longstanding Nebraska rule that a defendant's conviction of a crime may be based on uncorroborated testimony of an accomplice. *State v. Burchett*, 224 Neb. 444, 399 N.W.2d 258 (1986); *State v. Huffman*, 222 Neb. 512, 385 N.W.2d 85 (1986); *Bartlett v. State*, 115 Neb. 148, 211 N.W. 994 (1927). We affirm the foregoing rule concerning an accomplice's testimony.

Although Loveless' testimony contradicted Steinhauer's testimony regarding perpetration of the theft and disposition of the stolen property, the contradiction resulted in a factual question for the jury, which weighed the evidence, resolved any evidential conflicts, and determined witness credibility. Taken most favorably to the State, the evidence was sufficient for the jury to find, beyond a reasonable doubt, that Loveless was a perpetrator in the theft of Habrock's truck, trailer, and tractor.

Loveless also argues that the evidence is insufficient because "[t]o convict a person as an aider and abettor, the evidence must show the crime was committed by someone, that the defendant incited or instigated its commission and if the evidence is circumstantial only, there is no rational theory which does not include the guilt of the accused." Brief for appellant at 12.

Notwithstanding Loveless' view of circumstantial evidence, "[a] defendant may be convicted by circumstantial evidence which establishes the defendant's guilt beyond a reasonable

doubt. The State is required to establish the defendant's guilt for the crime charged, but is not required to disprove every hypothesis consistent with the defendant's presumed innocence." *State v. Blue Bird*, 232 Neb. 336, 339, 440 N.W.2d 474, 476 (1989).

More important in this appeal, however, is Loveless' apparent misunderstanding of the phrase "circumstantial evidence."

> Circumstantial evidence is defined as the attendant facts and circumstances from which a principal fact may be inferred by the usual processes of reasoning. Where the existence of the attendant facts and circumstances is testified to by witnesses, the evidence of the principal fact is said to be direct or positive. Otherwise stated, direct evidence is proof of facts by witnesses who saw acts done or heard words spoken, while circumstantial evidence is proof of collateral facts and circumstances from which the mind infers the conclusion that the fact sought to be established in fact existed.

*State v. Lewis*, 177 Neb. 173, 177, 128 N.W.2d 610, 613 (1964). See, also, *State v. Betts*, 210 Neb. 348, 314 N.W.2d 257 (1982).

There is nothing circumstantial or circumlocutional about Steinhauer's testimony. If believed by the jury, Steinhauer's testimony, based on his personal knowledge, was direct evidence which established Loveless' participation in the theft of Habrock's property.

## CONCLUSION

Loveless' assignment of error is without merit, since the evidence is sufficient to sustain his conviction. Therefore, the judgment of the district court, entered on the verdict, is affirmed.

AFFIRMED.