STATE OF NEBRASKA, APPELLEE,
v. ARVEN E. MALCOM, JR., APPELLANT.
583 N.W.2d 45

Filed June 30, 1998.    No. A-97-798.

Scott H. Trusdale, of Trusdale and Trusdale, P.C., for appellant.

Don Stenberg, Attorney General, and Jay C. Hinsley for appellee.

HANNON, IRWIN, and INBODY, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Arven E. Malcom, Jr., appeals from his conviction and sentence for first degree sexual assault, see Neb. Rev. Stat. § 28-319(1)(c) (Reissue 1989). On appeal, Malcom challenges the effectiveness of his trial counsel, the jury instructions, and the sentence imposed by the district court. Finding no merit to any of Malcom's assigned errors, we affirm.

## II. BACKGROUND

The events which gave rise to this case occurred on or about July 5, 1993. On the evening of July 4, a group of people, including several minors, gathered at Malcom's home. Alcohol was served, fireworks were discharged, and the people sang karaoke. One of the minors at this party was Dani V., the victim in this case. According to the record, Dani V. was 15 years old, had quite a bit to drink, and became intoxicated. At some point during the evening, Dani V. lay down on a bed at Malcom's home and fell asleep.

While Dani V. slept on the bed, several other people were in the room, including Malcom. Dani V. apparently was awake at times and asleep at other times while the group of people were in the bedroom talking. At one point, somebody turned off the lights in the room. One witness testified, and Dani V. also asserted, that while the lights were off Malcom kissed Dani V. Dani V. eventually went back to sleep, and the group left the room.

During the early morning hours of July 5, 1993, Malcom entered the bedroom where Dani V. was sleeping and began singing to her to wake her up. It is undisputed that after waking Dani V., Malcom engaged in sexual intercourse and cunnilingus with Dani V. several times. Dani V. testified that she was not a willing participant in the sex, but, rather, was unable to resist and was afraid. Malcom's testimony at trial disputed this.

Malcom, who was 49 years of age at the time of this offense, was charged by information with first degree sexual assault on August 5, 1993. The information charged that Malcom "on or about the 5th day of July, 1993, [did] subject another person to sexual penetration and [Malcom] was nineteen years of age or older and the victim was less than sixteen years of age." After a jury trial, Malcom was convicted of the charge and sentenced to 10 to 30 years' imprisonment. Malcom was sentenced on January 7, 1994. No direct appeal was filed subsequent to the conviction and sentencing.

On February 19, 1997, Malcom filed an application for post-conviction relief. Malcom asserted that his trial counsel had been ineffective for failing to prosecute an appeal and for several other reasons associated with the trial of the case. On April 29, the district court sustained Malcom's application for post-conviction relief based on his claim that his counsel had been ineffective for failing to appeal the conviction and sentence. As a remedy, the court vacated the original sentence and ordered a resentencing hearing. On June 27, the court resentenced Malcom, again sentencing him to 10 to 30 years' imprisonment. This timely appeal followed.

### III. ASSIGNMENTS OF ERROR

On appeal, Malcom has assigned four errors which we consolidate for discussion to three. First, Malcom asserts that his trial counsel was ineffective. Second, Malcom asserts that the district court gave prejudicial jury instructions. Third, Malcom asserts that the sentence imposed by the district court both immediately following his conviction and following the resentencing hearing was excessive and an abuse of discretion.

### IV. ANALYSIS

#### 1. ISSUES ON APPEAL

The State asserts on appeal that Malcom should be precluded from raising any issues concerning his conviction in this appeal, because the appeal arises out of a resentencing hearing. As such, the State asserts that the only issue properly before us on appeal is the sentence Malcom received after the resentencing hearing. We disagree.

Our review of the record indicates that Malcom's trial counsel failed to prosecute a direct appeal from his conviction and sentence. Subsequently, Malcom filed an application for postconviction relief, asserting that this amounted to ineffective assistance of counsel. The district court agreed and sustained Malcom's application on that basis. The court then vacated the original sentence, held a resentencing hearing, and sentenced Malcom to the same sentence as was originally imposed. It is apparent to us that the district court was using the resentencing as a means of renewing Malcom's right to file a direct appeal. Although not dispositive, we note that in his motion Malcom requested that the court resentence him, "thereby permitting defendant to perfect his appeal." Any other treatment of the court's order would result in the court's having sustained Malcom's claim that he was improperly denied the right to appeal issues concerning his conviction and sentence, while providing no remedy except a new sentence identical to the original one. Because we decline to engage in such a constrained reading of the court's actions, we will consider all of Malcom's assigned errors on appeal.

## 2. EFFECTIVENESS OF COUNSEL

Malcom first asserts that his trial counsel performed in an ineffective manner, denying him his right to effective assistance of counsel. See, U.S. Const. amend. VI; Neb. Const. art. I, § 11. Specifically, Malcom alleges that his trial counsel failed to object to various hearsay statements concerning the alleged sexual assault, failed to subject the State's case to meaningful review, and repeatedly asked questions and elicited testimony concerning consent and mistake of age, indicating that consent and mistake of age were the defenses being presented, despite the court's repeated instruction that neither constituted a valid defense to the charged offense. To sustain a claim of ineffective assistance of counsel, the defendant must show that (1) counsel's performance was deficient and (2) such deficiency prejudiced the defendant. *State v. Boppre*, 252 Neb. 935, 567 N.W.2d 149 (1997); *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997).

## (a) Deficient Performance

From our review of the record, we can ascertain that Malcom's trial counsel apparently was proceeding under the belief that certain other sexual assault charges could have been lesser-included offenses to the charge of first degree sexual assault and that consent and mistake of age would be defenses to those lesser-included offenses. As a result, Malcom's trial counsel did elicit testimony and question witnesses regarding those defenses.

■ The law in Nebraska concerning lesser-included offenses has undergone significant changes, as was discussed recently in *State v. Al-Zubaidy*, 253 Neb. 357, 570 N.W.2d 713 (1997). The law presently requires courts to engage in a two-step test to determine whether a lesser-included offense instruction should be given: First, the court must determine whether the lesser crime is actually a lesser-included offense of the greater crime, which requires that the statutory elements of the lesser offense must be such that it is impossible to commit the greater offense without at the same time committing the lesser offense; and second, the court must determine whether the evidence presented at trial provides a rational basis for the jury to return an acquittal on the greater offense, but a conviction on the lesser offense. *State v. Williams*, 243 Neb. 959, 503 N.W.2d 561 (1993).

The statutory elements of first degree sexual assault as charged in the present case are (1) sexual penetration when (2) the actor is 19 years of age or older and (3) the victim is less than 16 years old. § 28-319(1)(c). We are unable to find any "lesser" offense the statutory elements of which are such that it is impossible to commit a first degree sexual assault as charged in this case without also committing the lesser offense. See, e.g., Neb. Rev. Stat. §§ 28-318(5) and (6) and 28-320 (Reissue 1989) (second and third degree sexual assault require "contact," which is defined as being for purpose of sexual arousal or gratification, while "penetration" need not be for arousal or gratification); Neb. Rev. Stat. § 28-320.01 (Cum. Supp. 1992) (sexual assault of child requires "contact" and victim must be 14 years old or younger). See, also, *State v. Schmidt*, 5 Neb. App. 653, 562 N.W.2d 859 (1997) (noting that second degree sexual

assault is not lesser-included offense of forcible first degree sexual assault).

Because the first element of the lesser-included offense test is not satisfied, it is apparent that Malcom's trial counsel was wrong in proceeding to defend Malcom as if a lesser-included offense instruction could be feasible. The law of lesser-included offenses has been firmly established and well documented since the Supreme Court's decision in *State v. Williams, supra.* See, *State v. Al-Zubaidy, supra; State v. McBride,* 252 Neb. 866, 567 N.W.2d 136 (1997); *State v. Null,* 247 Neb. 192, 526 N.W.2d 220 (1995); *State v. Brock,* 245 Neb. 315, 512 N.W.2d 389 (1994); *State v. Schmidt, supra; State v. Malone,* 4 Neb. App. 904, 552 N.W.2d 772 (1996); *State v. Long,* 4 Neb. App. 126, 539 N.W.2d 443 (1995). We conclude that Malcom's trial counsel performed deficiently when she refused to heed the trial court's repeated warnings that consent or mistake of age is not a defense to the crime charged and that there are no lesser-included offenses. As such, we conclude that the first prong of the ineffectiveness of counsel test has been established in this case.

(b) Prejudice

▪ To satisfy the prejudice prong of the ineffectiveness test, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Boppre,* 252 Neb. 935, 567 N.W.2d 149 (1997). A reasonable probability is a probability sufficient to undermine the confidence in the outcome. *Id.* It is not enough for the defendant to show that the errors claimed had some conceivable effect on the outcome of the proceeding, because virtually every act or omission of counsel would meet that test even though not every error which conceivably could have influenced the outcome undermines the reliability of the result of the proceeding. *Id.*

Our review of the record in this case indicates that the State produced testimony from two witnesses, besides the victim, who both testified that Malcom had spoken to them and had told them that he had "sex" with Dani V. This testimony, when read together with the testimony of the victim and other testimony

concerning the ages of the victim and Malcom, was sufficient to support the verdict and was not adduced through the deficient performance of Malcom's counsel. Accordingly, there is evidence sufficient that it cannot be said, to a reasonable probability, that the result would have been different had defense counsel not performed deficiently. See *id.*

In addition, although we did not specifically address counsel's failure to object to certain hearsay testimony or to subject the State's case to meaningful review in our assessment of counsel's performance above, because Malcom was not prejudiced by his counsel's performance we need not consider further whether such actions constituted deficient performance. Because the State adduced independent, admissible testimony that Malcom had spoken to other witnesses and had confessed to having sex with this 15-year-old girl, Malcom has not demonstrated that he was prejudiced by the deficiencies of his counsel's performance. Malcom's assigned error regarding ineffective assistance of counsel is without merit.

### 3. JURY INSTRUCTIONS

Malcom asserts that the district court erred in submitting prejudicial instructions to the jury. Specifically, he asserts that two of the court's instructions, which contain the term "victim," "openly stat[e] that there has been a criminal victim within this situation and le[ave] the jury little room to find the Defendant not guilty." Brief for appellant at 8. Malcom asserts that the instructions gave a distinct advantage to the State. We disagree.

■ To determine whether jury instructions create prejudicial error, they must be read together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and the evidence, there is no prejudicial error necessitating reversal. *State v. Glantz*, 251 Neb. 947, 560 N.W.2d 783 (1997). Instructions which essentially repeat the language of the statute correctly state the law. See *id.*

The two instructions Malcom complains of provide, in relevant part, as follows:

Instruction No. 2:

This is a criminal case in which the State . . . has charged the defendant with . . . subjecting another person

to sexual penetration and he was nineteen years of age or older and the victim was less than sixteen years of age.
Instruction No. 3:

In order for the defendant to be found guilty, the State must prove . . . beyond a reasonable doubt [that:]

1: The defendant subjected another person to sexual penetration;

2: That the other person was less than sixteen years of age;

3: That the defendant is nineteen years of age or older;

. . . .

Sexual penetration shall mean . . . any intrusion, however slight, of any part of the victim's body or any object manipulated by the actor into the genital or anal openings of the victim's body . . . .

Actor shall mean a person accused of sexual assault.

Victim shall mean the person alleging to have been sexually assaulted.

The instructions which Malcom complains of on appeal are phrased essentially in the language of §§ 28-318 and 28-319. In addition, the definition of "victim" as provided in instruction No. 3 clearly indicates to the jury that "victim" is a person *alleging* to have been sexually assaulted. Finally, the remainder of instruction No. 3 makes it clear to the jury that the State must prove every element, including that penetration occurred, beyond a reasonable doubt. We do not find any error in these instructions, and this assigned error is without merit.

### 4. Sentence Imposed

Finally, Malcom challenges the sentence imposed by the district court, both immediately following his conviction and upon resentencing when his postconviction motion was granted. As noted above, in each instance, the court sentenced Malcom to 10 to 30 years' imprisonment. First degree sexual assault is a Class II felony. § 28-319(2). The statutory limits for sentencing a defendant guilty of a Class II felony are 1 to 50 years' imprisonment. Neb. Rev. Stat. § 28-105 (Reissue 1989).

If a sentence is within the statutory limits, an appellate court will not disturb the sentence absent an abuse of discretion

by the sentencing court. *State v. Schultz,* 252 Neb. 746, 566 N.W.2d 739 (1997); *State v. Dimmitt,* 5 Neb. App. 451, 560 N.W.2d 498 (1997). The evidence in the present case indicated that Malcom, when he was 49 years old, had penile-vaginal intercourse and performed cunnilingus on a 15-year-old girl several times.

The presentence report indicated that Malcom had previously been charged with first degree sexual assault of his nephew, although that charge was reduced to third degree sexual assault as part of a plea agreement. Malcom was sentenced to probation and ordered to attend a sexual offender program, but he was ultimately dismissed from the sexual offender program for not cooperating with the therapists. Additionally, in September 1993, Malcom was charged with violating probation for allegedly having "contact" with two females, one 16 years old and one 15 years old, to which he pled no contest. Finally, the report also indicated that Malcom had admitted to having sexually abused his sister-in-law and two nieces when they were approximately 9 years old.

The sentence is well within the statutory limits and is not an abuse of discretion. This assigned error is meritless.

## V. CONCLUSION

Although we conclude that Malcom's trial counsel did perform deficiently, the deficiencies did not result in prejudice to Malcom's defense. Finding no other reversible error, we affirm the conviction and sentence imposed by the district court.

AFFIRMED.