STATE OF NEBRASKA, APPELLEE, V.
ARVEN MALCOM, JR., APPELLANT.
675 N.W.2d 728

Filed March 9, 2004.   No. A-02-621.

Arven Malcom, Jr., pro se.

Don Stenberg, Attorney General, Marilyn B. Hutchinson, and Corey M. O'Brien for appellee.

IRWIN, Chief Judge, and SIEVERS and MOORE, Judges.

SIEVERS, Judge.

## INTRODUCTION

Arven Malcom, Jr., was convicted in November 1993 in the district court for Dawson County of first degree sexual assault under Neb. Rev. Stat. § 28-319 (Reissue 1989) and was sentenced to 10 to 30 years' imprisonment. Before us in this appeal is the 104-page pro se "Verified Motion to Vacate and Set Aside Conviction and Sentence" filed in March 1999 by Malcom under the Nebraska Postconviction Act. After granting a limited evidentiary hearing, the district court for Dawson County denied Malcom postconviction relief, and he has now appealed to this court.

## FACTUAL BACKGROUND

Malcom was convicted of first degree sexual assault for engaging in sexual intercourse and cunnilingus with a 15-year-old girl when he was 49 years old. The pertinent facts of the case are found in our opinion in Malcom's direct appeal, *State v. Malcom*, 7 Neb. App. 286, 583 N.W.2d 45 (1998), and we will not repeat them in this opinion except as necessary. We are fully aware that Malcom testified and admitted all facts necessary to prove the State's case except for the victim's age, but he claims that he did so only because of the ineffective assistance of his trial counsel. In any event, this appeal does not deal with Malcom's factual innocence. Instead, our focus is on the crucial constitutional principles upon which our criminal justice system rests and which, on occasion, take precedence over the question of a particular defendant's factual guilt or innocence.

## PROCEDURAL BACKGROUND/DISTRICT COURT DECISION

On August 5, 1993, Malcom was charged by information with having committed first degree sexual assault when he was over 19 and the victim was under 16, a crime sometimes referenced as statutory rape. The Dawson County public defender, Stephen

Potter, initially represented Malcom. The county court record shows that Potter filed a motion in the Dawson County Court to withdraw as counsel due to a conflict of interest. The county court record reflects that the court determined that there was no conflict of interest, although the facts and reasoning behind this conclusion were not put on the record. The court did find on the record that it was proper for Brenda Brogan, Potter's deputy, to act as Malcom's attorney. Malcom's motion and briefing make much of alleged conflicts of interest, including that Brogan was a friend of the victim and her family.

Brogan acted as Malcom's attorney for the trial in the district court for Dawson County, at which he was found guilty of first degree sexual assault. Brogan failed to perfect an appeal, and in Malcom's first postconviction action, he was able to obtain vacation of his sentence on such ground. He was resentenced to the same term of imprisonment, and he then perfected a direct appeal to this court.

His direct appeal proceeded with new counsel. In the direct appeal, the following errors were assigned: ineffective assistance of counsel, erroneous jury instructions, an excessive sentence, and abuse of discretion in resentencing. In our opinion on direct appeal, *State v. Malcom*, 7 Neb. App. 286, 583 N.W.2d 45 (1998), we found that trial counsel's performance had been deficient because counsel had advanced the "defenses" of consent and mistake of age, which are not defenses in a statutory rape case, as well as relying on nonexistent lesser-included offenses. However, in analyzing whether Malcom had suffered prejudice from such ineffective assistance of counsel, we said that Malcom had not been prejudiced by such deficiencies, citing the fact that the evidence supported the conviction. *Id.* Among other things, we referenced Malcom's admissions to two witnesses that he had had sex with the victim. This court found no reversible errors and affirmed the conviction and the sentence. It is of particular significance that Malcom sought review of our decision by the Nebraska Supreme Court. In his briefing to that court, he vigorously argued that our analysis of whether he had been prejudiced by the ineffective assistance of counsel was flawed because we should have found prejudice per se or structural error, dispensing with any need on his part to show prejudice. See *United States v.*

*Cronic,* 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984) (complete denial of counsel or deprivation of effective representation at critical stage of accused's trial justifies presumption of prejudice). Nonetheless, the Nebraska Supreme Court denied Malcom's petition for further review, letting our published decision stand.

In 1999, Malcom filed a second postconviction motion, which is now before us. The district court treated it as a first motion for postconviction relief and entered a preliminary order in which it made a number of findings, beginning with the finding that its review would be limited to Malcom's claims concerning ineffectiveness of appellate counsel. The district court developed this position from the rule that a motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, quoting *State v. Jones,* 254 Neb. 212, 575 N.W.2d 156 (1998), *disapproved on other grounds, State v. Silvers,* 255 Neb. 702, 587 N.W.2d 325 (1998). Thus, the district court said, it may not review issues in regard to "ineffective assistance of counsel at the trial stage since those issues were or could have been raised on the direct appeal."

The district court correctly quotes the holding of *State v. Jones, supra.* However, the district court's conclusion from that holding is not entirely correct, or at least, it is incompletely expressed. Rather, the rule is that if the record on direct appeal is not adequate for the appellate court to review a claim of ineffectiveness of counsel, then such claim must wait for a postconviction proceeding for the development of an adequate record. See, *State v. Dandridge,* 255 Neb. 364, 585 N.W.2d 433 (1998); *State v. Dawn,* 246 Neb. 384, 519 N.W.2d 249 (1994) (as trial record did not reveal whether trial counsel had conducted investigation into informant's background, issue of ineffectiveness on ground of failure to investigate was held not to be before court); *State v. Dixon,* 223 Neb. 316, 389 N.W.2d 307 (1986) (court refused to consider ineffectiveness of counsel claim on direct appeal because there was no record of counsel's performance to review), *disapproved on other grounds, State v. Minshall,* 227 Neb. 210, 416 N.W.2d 585 (1987). In summary, before a direct appeal presents a procedural bar to raising an issue in a postconviction proceeding, the issue must be one which could have been raised on

direct appeal *and* the direct appeal record must have been adequate for the appellate court to review and decide the issue. See *State v. Matthews*, 8 Neb. App. 167, 590 N.W.2d 402 (1999). In fairness, we note that elsewhere in the district court's order of April 12, 1999, its awareness of these rules is apparent, irrespective of its initially stated incorrect premise or its ultimate incorrect application thereof—which we discuss more fully later. However, completeness requires that we discuss the district court's other findings in some detail.

The district court found that Malcom's motion raised, "in essence, three claims of denial of the right to effective assistance of counsel on appeal." The district court said that these three claims were (1) that appellate counsel did not raise issues in the Court of Appeals in regard to a claimed conflict of interest between Malcom and the public defender's office; (2) that appellate counsel did not raise issues in the Court of Appeals concerning pretrial proceedings, for example, trial counsel's failure to pursue a plea bargain or file a motion to quash; and (3) that appellate counsel did not "raise all of the issues that should have been raised in order to seek a proper review in the Court of Appeals of the issue of ineffective assistance of counsel." The district court dispensed with this third claim by reasoning that even if we had found that "trial counsel was more ineffective, the result would not have been different," because although we found that Malcom's trial counsel had been ineffective, we found that Malcom's defense had not been prejudiced by such ineffectiveness.

Central to our resolution of this appeal is the district court's discussion of Malcom's motion, which it said

> can be read to argue that the appellate counsel did not raise issues in the District Court by way of a motion for new trial so that there could have been a record submitted to the Court of Appeals in regard to certain issues. Specifically the issue of the conflict involving trial counsel because of her friendship of the victim's family and issues regarding counsel's failure to investigate. The Court finds that a hearing should be held on the Defendant's Motion for Post-conviction Relief in regard to those issues only.

After this finding, the district court significantly restricted the evidentiary hearing, saying that the "scope of the inquiry in regard to the depositions shall be limited to the conversations held between [Malcom] and appellate counsel in regard to the two issues [of conflict of interest and failure to investigate] noted above and the actions of appellate counsel in that regard."

The district court's incorrect finding that this postconviction proceeding was strictly limited to the effectiveness of appellate counsel foreclosed the trial court from considering Malcom's other allegations about trial counsel, which allegations had not been procedurally barred by the direct appeal because the trial record was inadequate for us to have reviewed them on direct appeal—even if appellate counsel had raised such allegations. For example, Malcom's postconviction motion claimed that he rejected a favorable plea agreement, under which he would have pled guilty or no contest to attempted first degree sexual assault, because of trial counsel's ineffective advice about available defenses. As we shall discuss in detail later, the district court's limitation of the evidentiary hearing to the actions of appellate counsel was wrong because it ignored the reality that an appellate counsel cannot bring to us any issue about a trial counsel's performance where the trial record is inadequate.

Pursuant to the district court's limitation, only the depositions of Malcom's appellate counsel and of Malcom himself were taken and entered in evidence at the evidentiary hearing. The district court entered its final order on May 14, 2002, deciding that appellate counsel had not been ineffective. As we understand the district court's order, that court approached the matter from the analytical standpoint of whether appellate counsel should have filed a motion for new trial so as to bring Malcom's issues concerning trial counsel to us on direct appeal. Malcom's motion for postconviction relief was overruled, and this appeal followed.

## ASSIGNMENTS OF ERROR

Malcom's numerous assigned errors in his pro se brief cover four pages. Therefore, we do not try to summarize or detail all of them. Instead, after a thorough review of Malcom's lengthy motion, the district court's action, and Malcom's briefing, we have limited our opinion to discussion of the matters necessary

to reach our ultimate conclusion, as well as those which need to be discussed to make our opinion more understandable. Those numerous assignments of error which we do not discuss are ones which we find have no merit.

## STANDARD OF REVIEW

■ The burden of establishing the basis for postconviction relief is on the party seeking relief, and the findings of the district court will not be disturbed on appeal unless they are clearly erroneous. See, *State v. Curtright*, 262 Neb. 975, 637 N.W.2d 599 (2002); *State v. Brown*, 220 Neb. 305, 369 N.W.2d 639 (1985).

■ When an appellate court reviews a claim of ineffective assistance of counsel, it is a mixed question of law and fact and the appellate court reviews the factual findings for clear error. See *State v. Davlin*, 265 Neb. 386, 658 N.W.2d 1 (2003). The issues pertaining to counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland. v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), are questions of law, reviewed independently of the lower court's decision. See *State v. Davlin, supra.*

## ANALYSIS

### Presumed Prejudice

■ The two prongs of *Strickland v. Washington, supra*, have been stated so frequently in Nebraska cases that there can be no dispute about the general guidelines which apply in postconviction cases. Malcom's burden of proof is to show both that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense in his case. See, *State v. McCroy*, 259 Neb. 709, 613 N.W.2d 1 (2000); *State v. Williams*, 259 Neb. 234, 609 N.W.2d 313 (2000). In order to prove deficient performance, Malcom must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. See *State v. Soukharith*, 260 Neb. 478, 618 N.W.2d 409 (2000).

The ineffectiveness of trial counsel during Malcom's trial virtually leaps from the pages of the bill of exceptions. It is apparent from the record of this trial that trial counsel did not appreciate the fundamental and well-established law applicable to a statutory

rape case. See *State v. Campbell*, 239 Neb. 14, 473 N.W.2d 420 (1991) (holding that consent, mistake of fact about victim's age, and possible active misrepresentation of victim's age are not defenses to first degree sexual assault on child). See, also, *State v. Navarrete*, 221 Neb. 171, 175, 376 N.W.2d 8, 11 (1985) (Nebraska has rejected "'California rule'" allowing defense of reasonable mistake). Trial counsel was also proceeding under the misapprehension that there were lesser-included offenses to first degree sexual assault on a child. We already made these findings on direct appeal; however, we concluded that the prejudice prong of *Strickland* had not been satisfied.

Malcom argued on direct appeal, and now argues again on postconviction, that we should use the *United States v. Cronic*, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984), standard of prejudice per se or presumed prejudice. Our opinion on direct appeal did not do so even though review of Malcom's brief on direct appeal shows that he clearly made this argument. Thus, while we could have rejected application of *Cronic* explicitly, we did so implicitly by analyzing the record for prejudice. Moreover, as said earlier, Malcom argued in his briefing to gain review of our decision by the Nebraska Supreme Court that we erred in not finding prejudice per se under *Cronic*. Because the Nebraska Supreme Court denied Malcom's petition for further review, we can only conclude that the high court did not disagree with our analysis—or with our affirmance of the conviction—given that a finding of prejudice per se could only result in a reversal of the conviction and an order for a new trial. Accordingly, while trial counsel's performance was startlingly deficient, the question of whether there was prejudice from the way counsel tried the case has already been finally resolved against Malcom.

## SELF-INCRIMINATION/EVIDENTIARY HEARING

Trial counsel solicited from Malcom on direct examination his admission to having had oral sex and penile-vaginal sex (in three positions) with the victim, thereby exposing him to cross-examination wherein he admitted his age. It is beyond our imagination as to how such questioning could be part of a trial strategy which would advance Malcom's not guilty plea. The law is

clear that there is no defense to this charge, save "It didn't happen" or "The State has not proven its charges beyond a reasonable doubt." But, trial counsel's examination of Malcom obviously foreclosed even these arguments, because through her questioning, Malcom admitted each and every element that the State needed to prove, less the victim's age, which the victim had already testified to.

Malcom claims that the trial court erred in failing to grant him an evidentiary hearing on whether such self-incrimination was knowingly, voluntarily, and intelligently done or whether it was the product of his trial counsel's ineffectiveness. The law is clear that an evidentiary hearing on a motion for postconviction relief is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. *State v. Dean*, 264 Neb. 42, 645 N.W.2d 528 (2002).

Malcom's postconviction motion, at paragraphs 157 through 162, contains his allegations about his obviously unhelpful trial testimony, and while a number of allegations are made, we focus on what we see as the key allegation: If his trial counsel had known that consent and mistake of age were not defenses to statutory rape, he would not have taken the stand and incriminated himself. This court having already found trial counsel to have been ineffective for advancing such "defenses," such allegations clearly merit an evidentiary hearing unless they could not be the basis for any relief—in other words, while there was deficient performance, no prejudice to Malcom resulted. In *State v. Robinson*, 218 Neb. 156, 352 N.W.2d 879 (1984), the prejudice prong was defined as requiring a showing of a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

Using this test, if we remove Malcom's self-incriminating testimony from the record, we find that there was still uniform testimony from a variety of sources which established the time, place, and circumstances when the victim was a guest at a party hosted by Malcom. Accordingly, opportunity for the sexual encounter was proved. Further, two witnesses testified that

Malcom admitted to them that he had had sex with the victim, and of course, the victim testified to the illegal acts. Therefore, given the strength of the evidence, we cannot say that there was a reasonable probability that Malcom would have been acquitted by the jury but for the fact that he took the stand and admitted the acts which conclusively established his guilt. Accordingly, this claim must fail on the prejudice prong.

## REJECTION OF FAVORABLE PLEA BARGAIN

In Malcom's postconviction motion, he alleges that he rejected a favorable plea bargain. He claims that he was offered an opportunity to plead guilty or no contest to attempted first degree sexual assault, whereby he would be required to serve a 1-year prison sentence. He also alleges that he was advised by his trial counsel when discussing such plea that he had a good chance of winning an acquittal using the defenses of consent and misrepresentation of age. Finally, he contends that he would have accepted a plea bargain had he been properly advised about those "defenses." We note that attempted sexual assault is a Class III felony, whereas the crime of which he was convicted is a Class II felony—having respective maximum terms of imprisonment of 20 and 50 years. These allegations clearly satisfy the requirements for the grant of an evidentiary hearing on such claims, because if they are true, there would be a basis for post-conviction relief. In other words, if a criminal defendant rejects a favorable plea bargain because his counsel advises him that nonexistent defenses will get him acquitted, there is an obvious problem with counsel's performance and obvious prejudice.

The district court gave these claims short shrift, reasoning, "[T]here is no Constitutional right to plea negotiations. Absent such a Constitutional right, it [presumably the allegations our opinion outlines above] cannot form the basis of a granting of post-conviction relief." This reasoning is incorrect because the allegation put at issue is the federal constitutional right, under the Sixth Amendment, to effective assistance of counsel in the context of plea bargaining—which is obviously a key component of our present-day criminal justice system. The law is contrary to the district court's reasoning, as there is no question that the right to effective assistance of counsel extends to the plea bargaining

process. See *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). The Eighth Circuit Court of Appeals has succinctly summarized the matter:

> The Supreme Court has long held that *Strickland* [*v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984),] applies to ineffective assistance claims arising out of the plea bargaining process. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The prejudice inquiry in such cases "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the *plea process.*" *Id.* at 59, 106 S.Ct. 366 (emphasis added). Moreover, a large body of federal case law holds that a defendant who rejects a plea offer due to improper advice from counsel may show prejudice under *Strickland* even though he ultimately received a fair trial. *See Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995) (collecting cases). To establish prejudice under such circumstances, the petitioner must show that he would have accepted the plea but for counsel's advice, and that had he done so he would have received a lesser sentence. *Id.*

*Wanatee v. Ault*, 259 F.3d 700, 703-04 (8th Cir. 2001).

Therefore, remembering counsel's deficient performance at trial in the context of Malcom's allegation that a plea bargain to a lesser charge was "on the table" but rejected because of counsel's faulty advice based on her lack of understanding of the applicable law, it is clear that the district court erred in failing to grant an evidentiary hearing on such allegation. The potential for prejudice is self-evident by virtue of the fact that an attempt charge carries a maximum term of imprisonment of 20 years and Malcom was sentenced to as much as 30 years' imprisonment.

Additionally, Malcom alleges in his motion and argues to this court that trial counsel had a conflict of interest because of acquaintanceship with the victim and her family. The typical conflict of interest claim in postconviction litigation arises when the same lawyer represents multiple defendants. See *State v. Narcisse*, 260 Neb. 55, 615 N.W.2d 110 (2000). However, we do not think multiple representation is the only way that a conflict of interest could result in ineffective assistance of counsel. We note that under Canon 1, DR 5-101(A), of the Code of Professional

Responsibility, without the client's sanction, a lawyer shall not accept employment if his or her independent judgment and ability to zealously represent the client may be impaired:

> Except with the consent of his or her client after full disclosure, a lawyer shall not accept employment if the exercise of the lawyer's professional judgment on behalf of a client will be or reasonably may be affected by the lawyer's own financial, business, property, or personal interests.

Unquestionably, a lawyer is required to exercise independent professional judgment on behalf of a client and should represent a client zealously within the bounds of the law. See Canons 5 and 7 of the Code of Professional Responsibility. A criminal defense lawyer's duty under these canons could be affected or compromised by friendship with the victim and her family in a situation such as this case to the point that counsel does not provide effective assistance. And, a way that such ineffective assistance from such conflict could be manifested is in the plea bargaining process by way of faulty advice to the client. This is the essence of what Malcom has alleged. The trial record is not sufficient for this court to have reviewed such a claim on direct appeal. However, we are convinced from the allegations of the motion, coupled with the established fact of ineffective representation during trial, that the district court erred in foreclosing exploration via an evidentiary hearing of whether there was a relationship between trial counsel, the victim, and the victim's family and, if so, how such relationship affected the plea bargaining process. What Malcom and his appellate counsel discussed about plea bargaining and conflicts with his trial counsel, after Malcom was already convicted, begs the question of trial counsel's performance during the plea bargain discussions—the focus of Malcom's allegations. Thus, upon remand, the evidentiary hearing shall encompass the alleged relationship between Malcom's trial counsel and the victim and how any such relationship affected the plea bargaining process.

Malcom also alleges a conflict of interest between himself and the public defender's office arising out of a prior, unrelated misdemeanor prosecution, as we understand the allegation. The district court rejected any evidentiary hearing on such claim, and we agree with the district court to the extent that Malcom advances

this as an independent ground for postconviction relief. The focus for potential relief is properly on what plea bargaining occurred in this prosecution, not in an unrelated misdemeanor case. However, when distilled down, this second allegation by Malcom is that his approach to plea bargaining in the instant case was impacted by his previous experience with the public defender's office and plea bargaining. Thus, while not a ground for relief by itself, the prior plea bargain experience cannot be conclusively foreclosed in advance as irrelevant evidence. It may be relevant to Malcom's other plea bargaining-based claim—a matter to be determined in the new evidentiary hearing we order. Thus, to the extent that the district court's order conclusively precluded the production of evidence about the prior plea bargaining process, we reverse that decision.

## CONCLUSION

We reverse the decision of the district court as outlined above and remand the matter to the district court for a new evidentiary hearing. That hearing shall focus on whether there was a favorable plea bargain offered, that being pleading guilty or no contest to attempted sexual assault, which bargain Malcom alleges that he rejected as a result of deficient performance of his counsel in the plea bargaining process. The evidence adduced for the trial court's consideration may include the alleged friendship between trial counsel, the victim, and the victim's family. Evidence may be introduced, if relevancy is shown, about Malcom's prior plea bargaining experience with the public defender's office, which also represented him in this prosecution, to the extent that such experience had an effect on the plea bargaining process in the instant prosecution. Because Malcom has made allegations about the plea bargaining process which, if proved, would entitle him to relief, and given the previous finding of ineffectiveness of his trial counsel, the trial court shall appoint counsel to represent Malcom in the new evidentiary proceedings. Finally, we reverse the finding that Malcom was not entitled to postconviction relief, and we remand that ultimate question to the district court for its decision, after the new evidentiary hearing we have ordered.

REVERSED AND REMANDED WITH DIRECTIONS.