# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1157

_____

Arven Malcom, Jr.,                          *
                                            *
            Appellant,                      *
                                            *   Appeal from the United States
      v.                                    *   District Court for the
                                            *   District of Nebraska.
Robert Houston,                             *
                                            *
            Appellee.                       *

_____

Submitted: December 10, 2007
        Filed: February 26, 2008 (corrected 3/17/08)

_____

Before LOKEN, Chief Judge, WOLLMAN, and SHEPHERD, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

      Arven Malcom, Jr., was convicted of first degree sexual assault in 1993. After exhausting his state appeals, he filed a petition for a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. He sought relief based on the alleged denial of his Sixth Amendment right to effective assistance of trial and appellate counsel and to conflict-free representation. The district court[1] denied relief on all claims and Malcom appealed. We granted a certificate of appealability on the question whether it was error to analyze Malcom's ineffective assistance of trial counsel claim under

_____

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

Strickland v. Washington, 466 U.S. 668 (1984), rather than under United States v. Cronic, 466 U.S. 648 (1984). We hold that Strickland was the proper standard and therefore affirm.

## I. Background

The facts underlying Malcom's conviction are fully set forth in the three Nebraska Court of Appeals opinions that have dealt with his state appeals. See Nebraska v. Malcom, No. A-06-524, 2007 WL 2257870 (Neb. Ct. App. 2007) (Malcom III); Nebraska v. Malcom, 675 N.W.2d 728 (Neb. Ct. App. 2004) (Malcom II); Nebraska v. Malcom, 583 N.W.2d 45 (Neb. Ct. App. 1998) (Malcom I). For our purposes, the following facts are relevant. Malcom was convicted of first degree sexual assault under Neb. Rev. Stat. § 28-319(1)(c). Malcom I, 583 N.W.2d at 49. Only three elements need to be proved to establish that offense: "(1) sexual penetration when (2) the actor is 19 years of age or older and (3) the victim is less than 16 years old." Id. (summarizing § 28-319(1)(c)). At the time of the offense, Malcom was 49 years old and the victim 15. Id. at 47. There are no lesser included offenses, and consent and mistake of age are not defenses. Id.

Malcom's trial counsel conducted her representation of Malcom as if consent and mistake of age were valid defenses and lesser included charges existed. Malcom II, 675 N.W.2d at 732; Malcom I, 583 N.W.2d at 48-49. Malcom I held that trial counsel's performance was deficient and ineffective. 583 N.W.2d at 48-49. Malcom I recognized, however, that under the analysis outlined in Strickland, a defendant must have suffered prejudice, i.e., there is a reasonable probability that the outcome would have been different but for the deficient performance. See id.; see also Malcom II, 675 N.W.2d at 734. Malcom I held that it was unlikely that the deficient performance affected the outcome because the state had produced, in addition to the victim, two witnesses who testified that Malcom had claimed to have had sex with the victim. Malcom I, 583 N.W.2d at 49. Malcom II similarly recognized that Malcom's trial

counsel had been deficient, but also recognized that the Malcom I court had already held that Malcom was not prejudiced by the deficiency and therefore considered the matter settled. Malcom II, 675 N.W.2d at 735.

An evidentiary hearing was held in the interval between the decisions in Malcom II and Malcom III. At this hearing, Malcom contended that, *inter alia*, his trial counsel had been ineffective in not advising him to accept a plea bargain. Malcom testified that "he '[m]ost definitely' would have accepted the plea bargain if he had been informed that 'there were no defenses of consent or mistake of age' and 'no lesser included offenses'" to the charge of first degree sexual assault. Malcom III, 2007 WL 2257870, at *2 (quoting Malcom's testimony). Trial counsel testified that she pursued the consent and mistake of age theories only because Malcom insisted, against her advice, that she pursue them. Id. at *3. In support of trial counsel's testimony, the public defender who had represented Malcom in 1992 on an unrelated sexual assault charge testified that in that case, "Malcom was going to testify regardless of what I advised him of. I mean, he was going to do it the way he wanted to do it." Id. The trial court found that trial counsel's and the public defender's testimony was more credible than Malcom's, that Malcom would not have accepted the plea agreement, and that he therefore suffered no prejudice as a result of any deficient representation. Id. at *4. On appeal from that hearing, Malcom III held that Malcom's claim of ineffectual assistance at trial was procedurally barred by the law of the case doctrine because the issue had already been argued and decided in Malcom I. Id. at *5.

## II. Analysis

A claim adjudicated on the merits in a state court will form the basis for habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding." 28 U.S.C. § 2254(d)(1), (2); <u>Brown v. Luebbers</u>, 371 F.3d 458 (8th Cir. 2004) (en banc). In habeas cases, we review a district court's legal conclusions *de novo*, and we review its factual findings for clear error. <u>Berkovitz v. Minnesota</u>, 505 F.3d 827, 828 (8th Cir. 2007).

Generally, representation by counsel is constitutionally deficient only if it falls "below an objective standard of reasonableness" and the defendant can prove actual prejudice from the deficiency. <u>Bell v. Cone</u>, 535 U.S. 685, 695 (2002) (quoting <u>Strickland</u>, 466 U.S. at 687-88) (quotation marks omitted). A showing of actual prejudice requires that there be a reasonable probability that the outcome would have been different but for the deficiency. <u>Id.</u> (citing <u>Strickland</u>, 466 U.S. at 687). When these two requirements are met, the conviction must be reversed because it is a product of "a breakdown in the adversary process that renders the result of the proceeding unreliable" and unfair. <u>Id.</u> (quoting <u>Strickland</u>, 466 U.S. at 687) (quotation marks omitted).

In rare cases, it is appropriate to presume that the deficient performance resulted in prejudice without requiring any demonstration that the deficiency prejudiced the defense. <u>See</u> <u>Florida v. Nixon</u>, 543 U.S. 175, 190 (2004). That presumption is appropriate when there has been a complete denial of counsel or a denial of counsel at a critical stage, when "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing," or when even competent counsel could not be expected to be of assistance given the circumstances. <u>Bell</u>, 535 U.S. at 696 (quoting <u>Cronic</u>, 466 U.S. at 659). The circumstances in such cases "are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." <u>Nixon</u>, 543 U.S. at 190 (quoting <u>Cronic</u>, 466 U.S. at 658).

We rarely presume prejudice in ineffective assistance of counsel cases. <u>United States v. White</u>, 341 F.3d 673, 679 (8th Cir. 2003). In <u>White</u>, counsel failed to conduct any independent investigation of the case. <u>Id.</u> at 678-79. Further, "[c]ounsel

-4-

called no witnesses, offered no exhibits, requested no jury instructions, failed to submit a trial brief, and participated in trial solely through cross-examinations which he did not prepare ahead of time." Id. at 678. Even so, counsel otherwise participated in the case as an attorney, and therefore the defendant was not completely without counsel. Id. at 678-79. We did not presume prejudice in White, and we rejected White's claim that she was prejudiced by counsel's failure to call witnesses, concluding that there was no reasonable probability that the result of the proceeding would have been different had they been called. Id. at 679-80.

As in White, trial counsel's representation in this case was not so inadequate "as to justify dispensing with the usual requirement that prejudice must be shown." See White, 341 F.3d at 679 (internal quotation omitted). It is not insuperably difficult to assess the effect of trial counsel's error in pursuing consent and mistake of age defenses. The question before the Nebraska court was whether the remaining evidence established a reasonable probability that the outcome would have been different if Malcom had not testified with respect to those purported defenses. See Malcom I, 583 N.W.2d at 49-50. As that court noted, two state witnesses testified that Malcom had told them that he had engaged in consensual sex with the victim. Id. Trial counsel called several character witnesses for Malcom. The ages of Malcom and the victim are not disputable. Malcom does not suggest that there is any witness that could testify truthfully and still cast doubt on Malcom's age, the victim's age, or the fact that Malcom had sex with her. Accordingly, because the effect of the deficiencies in trial counsel's representation can be assessed with no great difficulty, there is no need to presume that prejudice resulted therefrom.

## III. Conclusion

Because Malcom did not suffer a complete denial of counsel at trial, and because it is possible to assess the effect of the deficiencies in trial counsel's representation, it was neither contrary to, nor an unreasonable application of, federal

law to apply the <u>Strickland</u> standard to Malcom's ineffective assistance of counsel claim.

      The judgment is affirmed.

_____