STATE OF NEBRASKA, APPELLEE, V. JEFF A. WEST, APPELLANT.

473 N.W.2d 81

Filed August 16, 1991.    No. 90-512.

James R. Mowbray, of Mowbray & Walker, P.C., for appellant.

William F. Austin, Lincoln City Attorney, and Gerald F. Fisher for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

Defendant-appellant, Jeff A. West, was charged in the county court for Lancaster County, Nebraska, with two misdemeanor offenses in violation of the Lincoln Municipal Code: (1) indecent exposure and (2) "[t]respass upon the property of another without the permission of the owner or tenant thereof." After trial to the county court, sitting without a jury, the court found the defendant not guilty of the first count, stating, "While the court finds that the evidence is clear that the defendant was in a private area (not his own) without pants, the ordinance doesn't cover this particular factual situation." The trial court found defendant guilty of trespassing and fined him

$500 plus costs. Defendant appealed to the district court, which affirmed the sentence.

We note the appeal herein from the county court to the district court was filed on February 16, 1990. Therefore, the procedural rule in such appeals set out in *State v. Erlewine*, 234 Neb. 855, 452 N.W.2d 764 (1990), effective March 23, 1990, does not apply.

Defendant then timely appealed to this court, assigning a single error: "The trial court and District Court erred in failing to find that the evidence at trial was insufficient as a matter of law to sustain a conviction beyond a reasonable doubt." We affirm.

The record shows the following: A witness, Bert Smith, testified that when he awoke to get a glass of water at approximately 2:15 a.m. on August 2, 1989, he heard his dog barking outside. He looked out his window and saw a figure moving along the side of his next door neighbors' house. Smith saw the figure go around the front of that house and go toward the west toward the Tussing house, two doors west of the Smith house. Smith got dressed and went outside to investigate. Smith testified that as he neared the Tussing home, where Wendy Tussing resided, he saw a man in a crouched position on the Tussings' east side porch, peering into the bottom row of windows on the side door. Smith came up behind the man and said, "All right, cowboy, what are you doing here?"

Smith testified that the startled man jumped up, ran past Smith within a few feet, and continued to run away from the house. Smith testified that he recognized the man as another of his neighbors, defendant West, who lived across the street from the Smith and Tussing homes. At this time Smith saw that West had no clothes on from the waist down. Smith testified that he shouted, "[R]unning's not going to do you any good," but that West kept running.

Smith returned to his home and kept watch from inside his doorway. He testified that 3 or 4 minutes later, he saw a figure that he could not identify jump over the railing of the Wests' front porch and disappear into the West home. Smith then called the police. Officers arrested defendant at his home at about 3 a.m. The officers testified that West answered his door

wearing "gym shorts" and that he had an odor of alcohol on his breath. Both defendant and his wife testified that defendant was still out watering the lawn when his wife went to bed at a little after 1:30. Defendant testified that he drank four or five beers that evening and specifically testified that he had not been on the Tussing premises on August 2, 1989.

Lincoln Mun. Code § 9.52.220 (1984) stated:

> It shall be unlawful for anyone to loiter about or trespass upon the property of another without the consent of the owner or tenant thereof; provided, that windowpeeping in the windows of a private dwelling house, apartment or residence of another after sunset shall be prima facie evidence of trespass. (Ord. 3489 §21-222; July 6, 1936).

Defendant contends that the State failed to satisfy its burden of proof because "[t]here was no testimony by Wendy Tussing whether or not Mr. West, or anyone else, did not have permission to be on the property." Brief for appellant at 6. Tussing testified that she had still been awake watching television at 2:30 a.m. and had heard noises and shouting outside, but that she did not investigate.

Defendant argues that because there is no direct evidence on the issue of consent, the court must have found him guilty based upon a mandatory presumption which he alleges can be derived from the second part of the ordinance. Defendant then contends that the second half of the ordinance does create a mandatory presumption which denies him his constitutional right to due process, citing *Francis v. Franklin*, 471 U.S. 307, 105 S. Ct. 1965, 85 L. Ed. 2d 344 (1985), and *State v. Kipf*, 234 Neb. 227, 450 N.W.2d 397 (1990). There is nothing in the record showing that the issue of constitutionality of the statute was presented to either the county court or the district court, by motion or otherwise. We will not consider a constitutional issue, or other issues, raised for the first time in this court. *State v. Dixon*, 237 Neb. 630, 467 N.W.2d 397 (1991); *State v. Oldfield*, 236 Neb. 433, 461 N.W.2d 554 (1990).

The State argues that lack of consent can be established through sufficient circumstantial evidence, without the necessity of utilizing any presumptions. We agree. In reviewing

a criminal conviction, it is not the province of this court to resolve conflicts in the evidence, to pass on the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence. Such matters are for the finder of fact, whose findings must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support them. On a defendant's claim of insufficiency of the evidence, the State is entitled to have all of its relevant evidence accepted as true, the benefit of every inference reasonably drawn from the evidence, and every controverted fact resolved in its favor. *State v. Grantzinger*, 235 Neb. 974, 458 N.W.2d 461 (1990). On a claim of insufficiency of the evidence, the Supreme Court will not set aside a guilty verdict in a criminal case where such verdict is supported by relevant evidence. Only where evidence lacks sufficient probative force as a matter of law may the Supreme Court set aside a guilty verdict as unsupported by evidence beyond a reasonable doubt. *Id.*

We have held that a conviction may be based on circumstantial evidence as long as that evidence, taken as a whole, establishes guilt beyond a reasonable doubt. *State v. Buckman*, 237 Neb. 936, 468 N.W.2d 589 (1991); *State v. Cortis*, 237 Neb. 97, 465 N.W.2d 132 (1991). Evidence in this case shows that a half-naked man crept onto the side porch of the Tussing residence, peeped into a window in the middle of the night, and fled when he was unexpectedly discovered. He was identified by a neighbor. This is not a case of a stranger approaching a house by way of the front door and seeking entry or information. It was certainly not unreasonable for the court to find under these circumstances that no one consented to this activity. This is especially true in light of Tussing's testimony that she feared to investigate when she heard noises and shouting and that she worried that it might be somebody with a gun.

The evidence is sufficient to support defendant's conviction. The order of the district court, affirming the verdict of the county court, is affirmed.

AFFIRMED.