STATE OF NEBRASKA, APPELLEE, V. BRYAN J. KENNEDY, APPELLANT.
476 N.W.2d 810

Filed November 8, 1991.    No. 90-932.

Thomas M. Kenney, Douglas County Public Defender, and Brian S. Munnelly for appellant.

Don Stenberg, Attorney General, J. Kirk Brown, and, on brief, LeRoy W. Sievers for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.
Following a bench trial, the district court for Douglas

County convicted Bryan J. Kennedy of the theft of approximately $5,000 in equipment from the music department of Ralston High School. Kennedy appeals his conviction and his sentence of not less than 3 nor more than 5 years' imprisonment. We affirm.

The defendant sets forth three assignments of error. Restated, they are that (1) the evidence is insufficient as a matter of law to sustain Kennedy's conviction; (2) the trial court erred in overruling the defendant's motion to suppress statements made by him to a police officer; and (3) the sentence imposed is excessive.

We first consider Kennedy's claim that the evidence is insufficient as a matter of law to sustain the defendant's conviction. That claim is without merit.

In determining the sufficiency of the evidence to support a finding of guilt in a criminal case, the Supreme Court does not resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Those matters are for the finder of fact, whose findings must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support them. *State v. Jensen*, 238 Neb. 801, 472 N.W.2d 423 (1991).

Taking the view most favorable to the State, the record in Kennedy's case reflects the following: On July 17, 1989, Kennedy requested permission from the principal of Ralston High School to borrow some equipment from the school's music department. Permission was granted with the proviso that the equipment was to be returned by July 24. The equipment consisted of a Peavey eight-channel mixing board, a 300-watt stereo, an amplifier, two Realistic tape decks, a compact disc player, various patch cords, four Bose speakers, stands for the speakers, and impact cases for the mixing board and amplifier. When the equipment had not been returned by August 30, the police were notified that the equipment had not been returned to the school. On September 28, personnel from the Ralston school hand delivered a letter to Kennedy requesting that the equipment be returned by October 4. The equipment was never returned to the school by Kennedy. Some of it was located in a pawnshop, but it was sold to an

unidentified person. The record discloses that the pawned equipment was never recovered by the school.

The record reflects that Kennedy kept the equipment in his apartment approximately a month after he was supposed to return it to the school. The defendant knew that his then roommate used the equipment. Kennedy used it for recording and stated, "I treated it as my own . . . . I took care of it. I didn't neglect it in any way." The defendant's roommate used the equipment while the roommate and a group performed at a bar in Omaha.

Kennedy was located by a Ralston police officer on October 19, and he was questioned as to the location of the school's equipment. In both oral and written statements given to the officer, the defendant admitted that he had borrowed equipment from Ralston High School. He said that the equipment had been in his apartment for a period of time after it was used for the purpose for which it was borrowed. He claimed that the equipment was taken by his former roommate and that the two, after some difference of opinion concerning the sale price, agreed to sell the equipment for $500. The record reflects that this was in late August. When his former roommate failed to pay him a share of the proceeds from the sale, Kennedy went to an apartment where his roommate was staying and, apparently in the roommate's absence, took $250 from a closet as "payment for the items," according to the police.

The defendant was convicted of theft by unlawful taking, in violation of Neb. Rev. Stat. § 28-511(1) (Reissue 1989). That statute provides that "[a] person is guilty of theft if he or she takes, or exercises control over, movable property of another with the intent to deprive him or her thereof." Kennedy argues that the "record contains nothing that indicates beyond a reasonable doubt that [he] had intended to deprive the school of its property . . . ." Brief for appellant at 8.

"Intent" is a mental process and it therefore generally remains hidden within the mind where it is conceived. It is rarely if ever susceptible of proof by direct evidence. It may, however, be inferred from the words and acts of the defendant and from the facts and circumstances surrounding his conduct. *State ex*

*rel. NSBA v. Veith*, 238 Neb. 239, 470 N.W.2d 549 (1991). Stated another way, when an element of a crime involves existence of a defendant's mental process or other state of mind of an accused, such elements involve a question of fact and may be proved by circumstantial evidence. *State v. Jensen, supra.* A conviction may be based on circumstantial evidence as long as that evidence, taken as a whole, establishes guilt beyond a reasonable doubt. *State v. West*, 238 Neb. 939, 473 N.W.2d 81 (1991).

The record reveals that the defendant failed to return the equipment as he promised and in fact never did return it. Kennedy claims the equipment was not returned initially because he had no means of transporting it. The defendant kept the equipment at his apartment and used it as his own for a period of approximately 1 month. He failed to notify either the school or the police when, he claims, he discovered the equipment was missing from his apartment. Kennedy agreed to his roommate's plan to sell the equipment and ultimately received $250 as "payment for the items." He explained that he felt that $250 would be sufficient leverage to gain the return of the equipment, which was worth approximately $5,000.

"Deprive" means "[t]o dispose of the property of another so as to create a substantial risk that the owner will not recover it in the condition it was when the actor obtained it." Neb. Rev. Stat. § 28-509(1)(b) (Reissue 1989). In pronouncing Kennedy guilty, the trial court found unworthy of belief the defendant's testimony, in which he attempted to distance himself from any mens rea in connection with the crime with which he was charged. The court found the defendant's agreement to sell the school's equipment and Kennedy's conduct in taking $250 from his former roommate's apartment when the defendant did not receive a share of the proceeds from the sale of the equipment supplied the necessary intent to convict Kennedy of taking, or exercising control over, movable property of another with the intent to deprive the owner thereof. From the direct and circumstantial evidence, and from the inferences to be drawn therefrom, a fact finder could find beyond a reasonable doubt that Kennedy exercised control over and intended to "deprive" the Ralston school of its movable property. There is

overwhelming evidence that the equipment involved had a value in excess of $5,000. The defendant's claim that, as a matter of law, there was insufficient evidence to convict him is without merit.

Kennedy claims that the trial court erred in overruling his motion to suppress the statements he made to a Ralston police officer on October 19. After a suppression hearing, the trial court found that Kennedy was advised of his rights under *Miranda* and waived them and that his statement was freely, voluntarily, knowingly, and intelligently given. The record reveals that this evidence, some of which is contained in exhibits 1, 2, 4, and 5, was offered and received at trial without a timely objection from the defendant. A failure to object to evidence at trial, even though the evidence was the subject of a previous motion to suppress, waives the objection, and a party will not be heard to complain of the alleged error on appeal. *State v. Jensen*, 238 Neb. 801, 472 N.W.2d 423 (1991). The trial court committed no error in admitting the defendant's statements into evidence.

In Kennedy's final assignment of error, he alleges that the sentence imposed by the district court is excessive. Because the value of the equipment the defendant obtained from Ralston High School exceeded $1,000, Kennedy was charged with a Class III felony, pursuant to § 28-511(1) and Neb. Rev. Stat. § 28-518(1) (Reissue 1989). The penalty authorized upon conviction of a Class III felony is not less than 1 nor more than 20 years' imprisonment, a fine up to $25,000, or both. Neb. Rev. Stat. § 28-105 (Reissue 1989). A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Lixey*, 238 Neb. 540, 471 N.W.2d 444 (1991). In view of the magnitude of the offense the defendant committed, and in view of Kennedy's prior convictions for theft by receiving stolen property, carrying a concealed weapon, and criminal mischief, his sentence of 3 to 5 years' imprisonment is not excessive.

AFFIRMED.

GRANT, J., not participating.