IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

STATE V. ERICKSON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,
V.
BRET A. ERICKSON, APPELLANT.

Filed November 10, 2014.    No. A-14-048.

Appeal from the District Court for Scotts Bluff County: RANDALL L. LIPPSTREU, Judge. Affirmed.

Richard L. DeForge, Deputy Scotts Bluff County Public Defender, for appellant.

Jon Bruning, Attorney General, and Melissa R. Vincent for appellee.

MOORE, Chief Judge, and RIEDMANN and BISHOP, Judges.

MOORE, Chief Judge.

Bret A. Erickson challenges his convictions and sentences following a jury trial in the district court for Scotts Bluff County. Erickson contends there was insufficient evidence to convict him of violations of Nebraska's Sex Offender Registration Act (SORA) and that he received excessive sentences. Finding no merit to Erickson's arguments, we affirm the convictions and sentences.

FACTUAL BACKGROUND

Erickson moved from Laramie, Wyoming, to Scottsbluff, Nebraska, in May 2009. Because of a prior criminal conviction in Wyoming, Erickson was subject to the requirements of SORA. He completed the required initial SORA registration after making this move. In his initial registration, Erickson indicated that he was unemployed. In June 2009, Erickson moved from Scottsbluff to Bayard, Nebraska, and completed a change of information form on June 11. Erickson re-registered as a sex offender on July 21, 2009, again indicating that he was unemployed.

- 1 -

On July 31, 2009, the Nebraska State Patrol sent a letter to Erickson explaining his registration responsibilities under Nebraska law. On August 2, Erickson signed an acknowledgment which stated that he understood his SORA obligations.

On October 26, 2009, the Nebraska State Patrol mailed Erickson a certified letter in order to notify him of changes in the SORA registration process. The letter informed Erickson that he was classified as a 25-year registrant. As a 25-year registrant, Erickson was required to complete biannual verifications: during the month of his birthday and again 6 months thereafter. Erickson's specific registration months were May, his birthday month, and November. A notification enclosed with this letter contained a detailed list of the requirements with which Erickson was required to comply. Among the requirements included the obligation to register in person with the county sheriff of the county in which Erickson was employed, carrying on a vocation, or attending school within 3 working days after becoming employed, carrying on a vocation, or attending school. Erickson was also required to notify the sheriff of any change in employment within 3 working days of a change. On November 1, Erickson signed an acknowledgment which stated that he had read the notification and understood his obligations under SORA.

In May and November 2010, Erickson reported to the Morrill County sheriff's office to complete his required verifications. These verifications contain Erickson's handwritten responses to the required information. On each of these verification forms, Erickson marked a box which indicated that he was self-employed. He did not disclose any further information about the nature of his self-employment or his occupation.

On May 2, 2011, Erickson completed another handwritten verification in the Morrill County sheriff's office. On this verification, however, Erickson wrote that he was unemployed.

On October 27, 2011, Erickson went to the Scotts Bluff County sheriff's office to complete a change of information registration form after he moved from Bayard to Scottsbluff. Erickson's responses to the required information are typed onto the form. In the employment section, Erickson's status is reported as retired. Erickson signed the form.

On November 7, 2011, another change of information form was completed and was signed by Erickson. This form also apparently served as Erickson's required verification for the 6-month period following the month of his birthday. The employment section of this form reported Erickson's employment status as retired. On the two subsequent verification forms, May 16, 2012, and November 9, 2012, Erickson's employment status continued to be reported as retired. On each of these three forms on which Erickson's employment status is reported as retired, the information is typed onto the forms. Erickson signed these forms.

In May 2013, the Nebraska State Patrol began an investigation into Erickson's compliance with SORA. On May 30, 2013, Stacie Lundgren, the State Patrol investigator assigned to the case, went to Erickson's reported address in Scottsbluff. Lundgren did not find Erickson at home, but was able to speak with his roommate who informed Lundgren that Erickson was not at home, so Lundgren left a business card and returned to her office. Shortly after returning to the office, Lundgren received a telephone call from Erickson. During the call, Erickson informed Lundgren that he was in Amarillo, Texas, for his job as a truckdriver for Decker Trucking. Erickson acknowledged that he had not updated his registration to reflect that

he was driving a truck for Decker Trucking. Erickson and Lundgren set up an in-person meeting for June 6 in Lundgren's office.

At the outset of the June 6, 2013, meeting, Lundgren advised Erickson of his rights and Erickson signed a waiver. Erickson told Lundgren that he had driven a truck for both CNS Trans Pro, LLC (CNS), and Decker Trucking while he was living in Nebraska. Erickson reported having driven for CNS from 2009 or 2010 until April 2013, when he accepted a position with Decker Trucking.

Lundgren and Erickson reviewed a number of Erickson's SORA documents during their meeting. Erickson stated that he did not always review the forms before signing them, but understood that he was required to do so. He also told Lundgren that he understood that it was his responsibility to update his SORA registration when something related to his registration changed. When Lundgren showed Erickson that his most recent employment status was "retired," Erickson replied that he had never seen that status on the form and had never informed the sheriff's office that he had retired.

On June 20, 2013, the State filed an information charging Erickson with one count of furnishing false or misleading information and one count of failing to provide timely notice of a change of employment. The case proceeded to a jury trial, which was held on November 25 and 26. Prior to trial, the parties stipulated that Erickson had been convicted of an offense in 2002 that subjected him to the requirements of SORA. Copies of Erickson's SORA documents outlined above were received in evidence, together with the recordings of Lundgren's telephone and in-person conversations with Erickson.

The State contended at trial that Erickson had intentionally failed to report his employment while living in Nebraska. Clint Spearman, the owner of CNS, a transportation and trucking company, provided testimony that he had employed Erickson for "quite some time." Spearman hired Erickson as a truckdriver in June 2009, and Erickson worked for him on a continual basis until April 2013. Spearman specified that Erickson was hired as an employee. CNS provided the truck and paid its drivers weekly based on the mileage they had driven. CNS required its drivers to keep logbooks of their hours of service. Although no other benefits were provided, CNS paid payroll taxes and filed tax forms for its drivers. Spearman specified that CNS had hired contractors on "very few occasions."

During his case in chief, Erickson called William Landry to testify regarding Erickson's employment with CNS. Landry stated that he started working as a truckdriver for CNS just before Erickson was hired. Landry maintained that both he and Erickson were independent contractors even though CNS supplied the trucks they drove and paid them weekly.

Erickson also testified in his own defense. He claimed that since he moved to Nebraska, he had attempted to comply with SORA registration requirements. Erickson believed that he had never concealed the fact that he was driving a truck as his source of income. In fact, Erickson asserted that he disclosed his status as a truckdriver to both the Scotts Bluff County sheriff's office and the Morrill County sheriff. He testified that the Scotts Bluff County sheriff's office told him to put "self-employed" on his forms and did not require him to include any further clarification on the form. Erickson testified that he never indicated that he was retired during his SORA registration.

Erickson also attempted to highlight some of the errors he had experienced with the SORA registration process. Erickson stated that no one associated with his court case explained the registration requirements after he was convicted and required to comply with SORA, or its equivalent. He also testified that when completing his registrations, he was not always presented with all pages of the form to review and sign, but only received the final page which contained the signature block. Further, Erickson testified that the employees at the sheriff's office typed the information onto the forms. Erickson also recalled his visit to the sheriff's office in May 2013 when he could not complete his verification because the sheriff's office became preoccupied with his ex-wife's address. He had to return to the sheriff's office the next day to complete the verification form. This May 2013 registration form is not in the record. Erickson was adamant that he believed the information on his SORA forms was accurate.

The State called three witnesses during its rebuttal. Tina Ong, the civil process clerk in the Scotts Bluff County sheriff's office, testified that she sometimes helps registrants with SORA registration. Ong acknowledged that she would have prepared Erickson's verification on November 9, 2012, because of her signature on the final page. Ong explained that when she prepares a verification for a SORA registrant, she will bring up on the computer the prior verification and add her name and the current date. She will speak with the registrant to verify any changes that need to be made. If the registrant replies that no changes are necessary, Ong specified that she will ask twice to verify. Ong testified that she prints and presents the entire document to the registrant to review and sign. Ong conceded that she did not specifically remember meeting with Erickson, despite having signed his verification form.

Wendi Callenius, a records clerk within the Scotts Bluff County sheriff's office, testified similarly to Ong. Callenius testified that she would have prepared Erickson's verification on May 16, 2012. In preparing that verification, Callenius testified that she would have asked Erickson for changes and then printed the document for Erickson's review and signing. Callenius confirmed that she provides the entire document for the registrant's review. Callenius also testified that she helped Erickson on May 23, 2013. She recalled that on that day, she had to remove Erickson's ex-wife's name as an occupant in Erickson's home, but did not recall any other issues involving Erickson's ex-wife.

Mike Cotant also had responsibilities related to SORA while he was employed with the Scotts Bluff County sheriff's office. Cotant testified that he prepared Erickson's change of information form when Erickson moved to Scottsbluff from Bayard in October 2011. This form was the first one indicating that Erickson was "retired." In preparing this form, Cotant stated that he would have typed the information provided to him by Erickson into the computer and would have allowed Erickson to review the screen before signing the printed form. Cotant also stated that he would read the information back to the registrant before the registrant signed the form. Although he recognized Erickson through the registration process, Cotant could not recall helping Erickson with that particular form.

After deliberation, the jury returned a verdict of guilty on both counts. Erickson filed two motions for new trials which were denied by the district court. On January 2, 2014, the district court sentenced Erickson to two concurrent terms of zero to 12 months' imprisonment. Erickson filed this timely appeal.

ASSIGNMENTS OF ERROR

Erickson assigns two errors on appeal. He asserts that the evidence does not sufficiently support the jury's verdicts and that he received excessive sentences.

STANDARD OF REVIEW

In reviewing a sufficiency of the evidence claim, whether the evidence is direct, circumstantial, or a combination thereof, the standard is the same: An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact. The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *State v. Knutson*, 288 Neb. 823, 852 N.W.2d 307 (2014).

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Tolbert*, 288 Neb. 732, 851 N.W.2d 74 (2014). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

ANALYSIS

*Insufficient Evidence.*

Erickson recognizes that the information reported on his SORA registration records was not correct. Nevertheless, he contends that the State's evidence was not sufficient to show that he had knowingly, willfully, or intentionally failed to update his information. Similarly, he asserts that there was insufficient evidence to find him guilty of knowingly and willfully furnishing false or misleading information.

The State charged Erickson with having violated Neb. Rev. Stat. §§ 29-4004 and 29-4008 (Cum. Supp. 2012). Section 29-4004 provides in relevant part:

(5) Any person required to register under the act who is employed, carries on a vocation, or attends school shall inform, in person, the sheriff of the county in which he or she is employed, carries on a vocation, or attends school and complete a form as prescribed by the Nebraska State Patrol for such purpose, within three working days after becoming employed, carrying on a vocation, or attending school. The person shall also notify the sheriff, in person, of any changes in employment, vocation, or school of attendance, and complete a form as prescribed by the Nebraska State Patrol for such purpose, within three working days after the change.

Section 29-4008 provides: "No person subject to [SORA] shall knowingly and willfully furnish any false or misleading information in the registration or fail to provide or timely update law enforcement of any of the information required to be provided by [SORA]."

At trial, the State adduced evidence which showed that upon Erickson's move to Nebraska, he received written notice of his reporting obligations under SORA, including his

obligations to report his employment or vocation. Erickson acknowledged having received this written notice, and he thereafter appeared at the local sheriffs' offices to update and verify his registration. On the registration forms, however, Erickson did not indicate that he was employed as, or had the vocation of, a truckdriver. The State adduced evidence that Erickson had driven a truck for CNS from June 2009 until April 2013 on a continual basis. Erickson never reported working for CNS on his SORA registration records. Additionally, Erickson failed to report within 3 days after he accepted a position with Decker Trucking in 2013. Erickson acknowledged that he was supposed to register his employment with Decker Trucking. He testified that he intended to register that employment when he went to report in May. Finally, the statement that Erickson was "retired" on the forms he signed in October 2011, November 2011, May 2012, and November 2012 was clearly false.

In his brief, Erickson raises various arguments regarding the intent element. These include his assertions that he was not given a sufficient explanation of his reporting duties after his conviction, that he was told by the sheriff's office he could list "self-employed" when he was employed as a truckdriver, and that he experienced problems in the registration process in the Scotts Bluff County sheriff's office. However, these arguments relate to factual issues which we do not resolve on appeal. See *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014) (appellate court does not resolve conflicts in evidence, pass on credibility of witnesses, or reweigh evidence; such matters are for finder of fact). When an element of a crime involves existence of a defendant's mental process or other state of mind of an accused, such elements involve a question of fact and may be proved by circumstantial evidence. *State v. Kennedy*, 239 Neb. 460, 476 N.W.2d 810 (1991). A conviction may be based on circumstantial evidence as long as that evidence, taken as a whole, establishes guilt beyond a reasonable doubt. *Id*.

Viewing the evidence in this case in a light most favorable to the State, we conclude there was sufficient evidence upon which a rational fact finder could conclude that Erickson intentionally failed to update his SORA registration and provided false or misleading information regarding his employment. This assigned error is without merit.

*Excessive Sentences.*

Erickson was convicted of two SORA violations: furnishing false or misleading information and failing to provide timely notice of a change of employment. Each of these offenses is a Class IV felony, punishable by a maximum of 5 years' imprisonment, a $10,000 fine, or both. See, Neb. Rev. Stat. § 29-4011 (Cum. Supp. 2012); Neb. Rev. Stat. § 28-105(1) (Cum. Supp. 2012). There is no mandatory minimum for these offenses. § 28-105. The district court sentenced Erickson to two concurrent terms of zero to 12 months' imprisonment.

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record and record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *State v. Tolbert*, 288 Neb. 732, 851 N.W.2d 74 (2014). When imposing a sentence, the sentencing court is not limited to any mathematically applied set of factors. *State v. Sikes*, 286 Neb. 38, 834 N.W.2d 609 (2013). The appropriateness of a sentence is necessarily a subjective

judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

The presentence report reveals that Erickson was 54 years old at the time of the report. Other than traffic-related offenses, Erickson's only conviction was for a sex offense in 2002 in Wyoming. On the level of service/case management inventory assessment, Erickson's total score placed him in the medium-high risk range to re-offend. During the presentence interview, Erickson acknowledged that he needed to be more diligent on his subsequent SORA registrations.

At sentencing, the court announced that it had read and considered the presentence report, along with the criteria in Neb. Rev. Stat. § 29-2260 (Reissue 2008). The court also noted that the Legislature had recently increased the frequency of reporting under SORA, indicating a policy of placing more importance on sex offender registration. In following the Legislature's policy, the court concluded that Erickson's convictions required sentences of imprisonment, making probation inappropriate. Finally, the court stated that it was not placing a minimum on the sentences, making Erickson immediately eligible for parole.

Based on the record before us, we conclude the district court gave adequate consideration to the circumstances of this case and the appropriate sentencing factors before imposing the sentences. The sentences imposed are not excessive, and the district court did not abuse its discretion when it sentenced Erickson within the statutory limits.

## CONCLUSION

The State's evidence at trial was sufficient to support Erickson's convictions. The district court did not commit an abuse of discretion when it sentenced Erickson.

AFFIRMED.